[PHILADELPHIA, JANUARY 2, 1841.]

## HOOFSMITH, and Others *against* COPE.

### IN ERROR.

1. To render a bill of sale of goods valid as against creditors, there must be an accompanying, actual, visible, and notorious possession in the vendee.

2. Where A. living in the country, and being indebted to B. and C., merchants in Philadelphia, made an assignment to them of his stock of goods in payment of his debt; and by an agreement between them A. was to remain in possession as clerk to B. and C., who took a lease of the premises, and a few days afterwards B. and C. made a bill of sale of the goods to D., who took possession of the goods, and, while in his possession, the goods were levied upon and removed by the sheriff upon an execution at the suit of a creditor of A.; it was held in trespass brought by D. against the sheriff and the execution creditor, &c., that the possession of the goods might be lawfully taken by D. notwithstanding any dissent by A., and that evidence was not admissible to show that no consideration passed from D. to B. and C.

3. In trespass against a sheriff and execution creditor for taking goods of the plaintiff, or an execution against another, evidence is not admissible on the part of the defendants to prove that the goods were returned by the sheriff to the place from which they were taken a few days afterwards.

THIS was a writ of error to the Court of Common Pleas of Monroe County, to remove the record of an action of trespass *vi et armis et de bonis asportatis &c.,* brought by John Cope against Peter Hoofsmith, Joseph Teel, Charles Sprenger, and George Murphy.

On the trial before JESSUP, (President) on the 3d of September, 1840, it appeared that Charles Sprenger, one of the defendants, had previously to the 13th of February, 1839, kept a store in Monroe county, and on that day made an assignment of all his goods &c. to Kreider and Hanse, merchants in Philadelphia, in payment of a

(Hoofsmith *v.* Cope.)

debt due to them.   On the next day an agreement was entered into between them, by which Sprenger was to remain in possession as clerk to Kreider and Hanse, who took a lease of the store.   On the 16th of February Kreider and Hanse executed a bill of sale of the goods to Cope, the plaintiff, who proceeded on the 18th of the same month to the place, and requested Sprenger to deliver up possession, which, according to the evidence, he hesitated doing.   Cope then put a man in possession, and the next day took an inventory of the goods, and removed part of them to a neighbouring place, when the sheriff, Teel, appeared with an execution issued at the suit of Hoofsmith and Murphy, and took the goods, as well those which had been removed by Cope as those which remained in the store.   This action was then brought to recover damages for the taking.

The following points of evidence were ruled on the trial.

1. The defendants offered to prove that no consideration passed from Cope to Kreider and Hanse for the transfer of the goods in Sprenger's store.

This was objected to on the part of the plaintiff, and the court refused to admit the evidence.

2. The defendants offered to prove that the goods were returned by the sheriff to the place from which they were taken in the same condition as when taken, within ten days after they were taken.

This also was objected to and overruled.

The counsel for the defendants requested the court to charge the jury as follows:

" 1. That if the jury believe that Sprenger remained in the possession of the store after the 13th of February, 1839, and traded in it as before, the bill of sale made on that day is fraudulent and void as to creditors.

2. and 3. That a transfer of personal property, unaccompanied by a corresponding change of possession is void as against creditors, and that a conveyance of his goods and chattels after judgment obtained against him, wears the appearance of fraud; and such conveyance is absolutely void if the possession remain in the debtor.

4. If the jury believe that Sprenger remained in the possession of the store after the transfer on the 13th of February, 1839, such possession makes this conveyance void and fraudulent; and Cope claiming under Kreider and Hanse can have no stronger or better claim than they had.

5. If the jury are satisfied that Sprenger had the possession of the

(Hoofsmith v. Cope.)

store after the 13th of February, 1839, then the plaintiff cannot recover in this suit.

6. That if the jury believe Cope took possession without and against the consent of Sprenger, then his proceedings were illegal and void, and he cannot recover.

7. That if the jury believe Cope took possession of said goods without and against the consent of Sprenger, then such taking, being illegal, it cannot be taken as a delivery of the goods and he cannot recover.

8. That if the jury believe the transfer of these goods by Kreider and Hanse to Cope was not for a valuable consideration, but a mere artifice to avoid or evade their contract with Sprenger, then in either case the plaintiff cannot recover.

9. That if the jury believe, that Kreider and Hanse had not the lawful possession of these goods, then they could not deliver possession to Cope so as to enable him to sustain this action.

10. If the jury believe, that Kreider and Hanse obtained this bill of sale on their promising to Sprenger a compensation as clerk, &c. then Kreider and Hanse could not avoid their contract without Sprenger's consent, and their sale to Cope, if good at all, must be taken as subject to and controlled by their agreement with Sprenger, and then Cope cannot recover."

The learned judge charged the jury as follows:

"This is an action of trespass, to recover from the defendants damages for taking and conveying away a quantity of store goods, and other property, formerly belonging to Charles Sprenger, one of the defendants. The case, as given us by the evidence, is, with little variance, as follows: In the fall of 1838, and previously, Sprenger had become indebted to Kreider & Hanse, of Philadelphia, in a considerable sum of money, which, with its interest, on the 13th of February, 1839, amounted to $1448 09. Kreider & Hanse, desiring to secure their debt, sent one of their clerks, Frederick C. Kreider, who is the witness in this case, to Chesnut Hill for that purpose. He came to Sprenger's on the 13th of February, 1839, and obtained from Sprenger a bill of sale of the goods claimed in this case, and which are enumerated and described in the inventory which makes part of that instrument. On the 14th of the same month, he took a lease of the store in which the goods were kept by Sprenger, and engaged him to serve Kreider & Hanse, as their clerk, in the selling of the goods and closing the business, at the rate of $400 per year. This lease, and the agreement for the services of Sprenger, as clerk, formed no part of the consideration of the transfer of the goods. The evidence being that the indebtedness of Sprenger to Kreider & Hanse was the only consideration. These

arrangements vested the right to this property absolutely in Kreider & Hanse.   They, as the owners, had a right at any time to enter the store, and take possession of the goods: as between them and Sprenger, he was only their servant, bound to comply with their directions, and could not resist either their entry upon the premises, or taking actual possession of all the property, contained in the bill of sale.   They had an undoubted right, to sell the property, and to authorise their vendee to reduce it to his actual possession.

On the 16th of February they did thus sell the property to the plaintiff (John Cope,) by an assignment, indorsed on the bill of sale. Two witnesses, Edmund H. Frismuth and Frederick C. Kreider, testify, that Cope gave to Kreider & Hanse his note for these goods. But whether he did or not, and whether the sale was upon any or what consideration, is not material to this case; for there is no one to controvert properly the regularity of that sale.   It is enough for the purposes of this case, that Kreider & Hanse did actually transfer to the plaintiff.   If they chose to give him the goods, his title would be as good for all the purposes of this suit as if he had paid a full price.   All that has been argued to the jury about a fraud in the sale of Kreider & Hanse to the plaintiff was clearly out of place, and ought not to have any influence upon the jury.   It is equally without foundation, either in the evidence or the law of the case.

Having taken this assignment of the goods, the plaintiff, on the 18th of February, came in company with T. C. Kreider, to Sprenger's, at Chesnut Hill, for the purpose of taking the actual possession of the goods.   They came to the store and requested Sprenger to deliver up the possession.   He hesitated to do it, and rather declined. Plaintiff then put a man in the store, to keep the possession, who staid all night.   In the morning of the 19th, the plaintiff, Kreider, Brown and Walton, went to the store, took possession, and commenced taking an inventory of the goods, and as they measured and marked them, put them in boxes, and removed them to a house near by; a room which Cope had rented for that purpose—Sprenger having refused to give him the key of the store.   They continued to remove the goods as fast as they could measure them, until about two o'clock in the afternoon, when the defendants, Teel and Hoofsmith, came, and Teel levied the execution of Hoofsmith upon (as he informed them,) " the whole goods, the horses, the shingles, and all the property, in doors and out."   At this time the goods removed, according to the inventory kept by Mr. Brown, amounted to $657 16. Springer delivered the key to the sheriff, and he took possession of the store, and brought back to it the goods, which had been previously removed by the plaintiff.   The plaintiff gave notice to the sheriff and to Hoofsmith of the transfers made by Springer, and they were read or shown to him; but upon Hoofsmith agreeing to indemnify him, he proceeded.   After the defendant had made his levy, the plaintiff informed them, he should hold them responsible

for the goods, and then went away.   The next day he returned to Philadelphia.

From the evidence of T. C. Kreider it appears, that on the morning of the 19th, while the plaintiff was there, and engaged in removing the goods, Sprenger sent for Hoofsmith to come with his horses, to go to Stroudsburg; and on his coming he had a conversation with him, when Hoofsmith left and returned again with the sheriff in the afternoon.   The execution issued by Hoofsmith came to the sheriff's hands at half past one o'clock in the afternoon.   At that time the execution became a lien upon the personal property of Sprenger, and under it the sheriff might justify a levy upon the property which was then his.

The principle of law is not in this case controverted, that, in order to give validity to the bill of sale, as against creditors, and as against this execution, there must have been an accompanying actual, visible and notorious possession in the plaintiff: without such possession the transfer would have been fraudulent and void.

The question, and the material and governing question in the case, therefore is this: Was Cope at half past one o'clock on the 19th of February (the time when the lien of Hoofsmith's execution attached) in the actual, visible possession of the property here claimed?   If he was, then the execution was not a lien upon it, and affords no justification: if he was not, then there having been no change of possession, the execution attached its lien to the property, and the sheriff had a right to levy upon, and take it into his actual possession.

The clerkship of Sprenger, under his agreement with Kreider and Hanse, continued him in the visible and actual possession of the property until Cope came; and up to the time of Cope's coming, the property was liable to execution by any creditor of Sprenger's. This question of change of possession from Sprenger to Cope, is a question of fact for the jury, to be settled from a view of the whole evidence relating to the point.   If the jury believe the plaintiff entitled to recover, the value of the goods taken from his possession by the defendants, is the least measure of damages, and the plaintiff asks for nothing beyond that.

The counsel for the defendants have proposed ten points, upon which they desire the instruction of the court to the jury.

To the first five points the Court answer: That the general principles stated in these points are correct, and the jury will apply them under the rules given in the charge generally, as far as they are sustained by the evidence.   (The Court read the points to the jury.)

To the 6th and 7th points the Court answer: That the consent of Sprenger was not necessary in order to give the plaintiff the right to take possession of the goods.   By his agreement Sprenger was the hired servant of Kreider & Hanse, and his possession of the property was their possession.   Cope taking the property under their assignment, was at liberty to turn Sprenger out of possession

(Hoofsmith *v.* Cope.)

at any time; and no subsequent assent of Sprenger to the taking actual possession by Cope, was necessary.

To the 8th point the Court answer: That there is no evidence upon which to raise this point; nor is the consideration of the transfer, as has been already stated, a matter of moment in this case. There is no evidence of any conditions upon which the assignment of Sprenger was made. It was absolute, and there is no evidence of any arrangement in any way controlling it.

To the 9th point the Court answer: That there is no evidence of any actual possession by Kreider & Hanse, of the property; and of course they could not deliver that which they had not; but under the transfer they had the right of property and the right of possession. They transferred to Cope these rights. He then had full and lawful authority to take actual possession, and if he did so before the right of the creditors attached, then he could recover. If he did not take actual possession (as has been fully explained) he could not recover.

To the 10th point the Court reply: That there is no evidence that they obtained the bill of sale on promising Sprenger the clerkship, &c., as stated. The only foundation for this point is the allegation of counsel, that the assignment of the 13th, and the lease and hiring of the 14th, were both on the same day; and that one was the consideration of the other; but of this there is no evidence."

The defendant's counsel took a bill of exceptions to the charge; and the jury having found for the plaintiff, the case was removed to this court by writ of error.

Mr. *Ihrie*, for the plaintiffs in error, cited *Clow* v. *Woods*, (5 *Serg. & Rawle*, 275. 287.) *Babb* v. *Clemson*, (10 *Serg. & Rawle*, 419.) *Streeper* v. *Eckart*, (2 *Wharton's Rep.* 302.) *Roscoe on Evidence*, 484. *M'Bride* v. *Duncan*, (1 *Wharton's Rep.* 273.) *Van Brunt* v. *Schenck*, (11 *Johns. Rep.* 385.)

Mr. *Hepburn*, contra, was stopped.

The opinion of the court was delivered by

SERGEANT, J.—The charge of the court is so full and explicit, as to render it necessary to do little more than refer to it for the principles applicable to the case.

The questions asked by the defendant as to the consideration which passed from Cope to Kreider & Hanse, for the bill of sale, were properly overruled. It was immaterial what that consideration was, or whether there was any consideration at all. A mere gift would convey to Cope the interest of Kreider & Hanse; and the only question was, what was the title of Kreider & 'Hanse, thus conveyed, as against Hoofsmith, who alleged the conveyance to them by Sprenger to be fraudulent and void against his creditors.

On that subject the court properly instructed the jury, that if Cope, under the transfer to him by Kreider & Hanse, took actual possession before the execution issued by Hoofsmith, he could recover: if he had not taken actual possession, he could not recover: and whether he had or not, was properly left to the jury.

But it is contended that Sprenger had, by virtue of his contract with Kreider & Hanse, such an interest in and control over the property and possession, that the possession could not be taken by Cope against the will and without the consent of Sprenger. It would seem, however, that by the contract, as proved, Sprenger was merely employed by Kreider & Hanse as a clerk, at a salary of four hundred dollars a year, to sell the goods for Kreider & Hanse, and close the business: the lease of the store being taken by Kreider & Hanse, and the property in the goods vested in them by the bill of sale. Under these circumstances, as is stated in the charge of the court, Sprenger was no more than the servant of Kreider & Hanse, bound to comply with their directions, and he could not resist either their entry on the premises, or their taking actual possession of all the property contained in the bill of sale. The master may discharge the servant at any time, and take actual possession of his own goods, remaining responsible for any violation of contract. Here it was deemed necessary for the master to do so; otherwise Sprenger, though as to Kreider & Hanse a servant, yet as to third persons, being the assignor, continuing in possession, his possession might not perhaps be so clearly the possession of Kreider & Hanse, that Cope might not run the risk of losing the property, if he did not reduce it to possession before execution issued by a judgment creditor.

As to the assignment to Kreider & Hanse, it seems they were *bona fide* creditors of Sprenger, and if so, he had a right to prefer them by a bill of sale; it being incumbent on them or their assignee to see that possession was taken in time; otherwise it might come within the decided cases which make such assignment fraudulent and void, if not accompanied with possession. On this point the charge of the court was as favourable to the defendants as they could claim on the evidence.

We see no error in the principles laid down by the court in its charge; or in any of the points raised by the bills of exceptions.

Judgment affirmed.