ELBRIDGE G. PACKARD *vs.* HENRY WOOD.

Delivery of a deed of a bakehouse and land in a distant place, and of a bill of sale including all the implements in the house and a bread cart standing under an open shed upon the land. accompanied by a delivery by the vendee to the vendor of a lease of the house, land, cart and implements, is not sufficient evidence of a delivery of the cart, as against an attaching creditor of the vendor.

Where a chattel attached by one as a constable, is seized and sold by him on execution as a deputy sheriff, the purchaser acquires a valid title, of which the deputy sheriff's return on the execution is conclusive evidence, even if the original attachment was invalid.

ACTION OF TORT for the conversion of a bread cart.    Answer, a denial that it was the property of the plaintiff.

At the trial in the court of common pleas at March term 1854, before *Byington,* J., the plaintiff, to prove property in himself, called Ferrin W. Decoster, who testified that on the 19th of March 1852, being then the owner and occupant of a lot of land in Grafton, on which he carried on the business of a baker, and being in want of money to carry on his business, he went to the residence of the plaintiff at Randolph in the county of Norfolk, and there, in payment of debts due from him to the plaintiff, and in consideration of a further sum then paid to him by the plaintiff in cash, made and delivered to the plaintiff a deed of the land, (which was recorded four days after,) and a bill of sale of the implements in the bakehouse, and of the bread cart in question, which was then under an open shed on said land, and was in ordinary use in his business; and the plaintiff, at the

same time, made and delivered to the witness a lease for a year of the bakehouse, cart and other personal property so sold; that no other act of delivery was made of the bread cart to the plaintiff, and no other possession taken of the land or personal property by him, but the witness returned and continued in possession thereof as before the sale. The judge ruled that the evidence was not sufficient to prove a delivery of the cart.

The defendant then, in proof of his title, gave in evidence a judgment recovered by William Mecorney against the defendant before a justice of the peace, on the 1st of May 1852, and introduced evidence tending to show that on the 3d of May an execution issued thereon, (which had since been lost,) and was delivered by the judgment creditor to Sumner Dunsmore, then a deputy sheriff, who by virtue thereof seized this bread cart on execution on the next day, and kept it four days, and advertised and sold it by auction, according to law, to the defendant on the 8th of May, and delivered it to him, and made return of his doings on the back of the execution, and signed his return as deputy sheriff, and returned it to the justice. There was evidence, introduced by the plaintiff, tending to show that Dunsmore was also a constable of the town of Grafton for 1852, but had given no bonds as constable, as required by *St.* 1851, *c.* 94; and that on the 22d of April 1852, having had the original writ in the action brought by Mecorney against Decoster placed in his hands for service, he, as constable, attached this cart, and made return upon the writ of his doings as constable.

It appeared that at the time of the attachment Decoster claimed to hold the bread cart under the lease from the plaintiff; but there was evidence tending to show a surrender of the lease by Decoster to the plaintiff before this suit was brought.

The plaintiff contended that the original action was a trespass, because the constable, not having given bond, had no authority to serve the writ as constable; and that, having originally acquired the property in this way, he could not lawfully seize and sell it on the execution as deputy sheriff. He also offered to show by parol evidence that Dunsmore, in taking and selling the cart on the execution, claimed to act in his capacity as con-

stable, and not as deputy sheriff; and that, if he ever made and signed his return as deputy sheriff, he did so some time after the sale on execution.

But the judge ruled that, although Dunsmore attached the property as constable, yet, as between these parties, the sale would be good, if made by him as deputy sheriff, and so returned by him; that the proper evidence of the capacity in which he acted was his return on the execution; and if by that it appeared that he acted as deputy sheriff, and signed his return as such, evidence could not be received to contradict the return; and submitted to the jury the single question, whether he made and signed his return as constable or as deputy sheriff, with instructions to find for the plaintiff, if as constable, and for the defendant, if as deputy sheriff. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*S. H. Allen,* for the plaintiff. 1. If any delivery was necessary to complete the plaintiff's title, there was sufficient constructive delivery proved. Any acts which show the vendor's intention to deliver, and a right of control afterwards asserted over the property by the vendee with the vendor's consent, are a sufficient delivery. Here the property was many miles off; and a deed of the land on which the bakehouse and cart stood, (which was of itself equivalent to livery of seizin,) together with a bill of sale of the cart and of all other personal property used in the same business, were delivered to the vendee and a lease of the whole given back by him to the vendor. No question of fraud was raised at the trial; if any was intended to be, it should have been submitted to the jury. Story on Sales, §§ 311–312 *b.* *Packard* v. *Dunsmore,* 11 Cush. 282. *Shumway* v. *Rutter,* 8 Pick. 447. *Wheelock* v. *Freeman,* 13 Pick. 167. *Ward* v. *Fuller,* 15 Pick. 189. 2 Kent Com. (6th ed.) 529. *Martindale* v. *Booth,* 3 B. & Ad. 505. *Briggs* v. *Parkman,* 2 Met. 258. *Brooks* v. *Powers,* 15 Mass. 244.

2. No delivery was necessary; for as between vendor and vendee, and against trespassers and strangers, the property in the cart passed without any delivery. *Parsons* v. *Dickinson,* 11 Pick. 352. *Woodruff* v. *Halsey,* 8 Pick. 335.

Dunsmore, not having given bond as constable, as required by *St.* 1851, *c.* 94, had no right, as constable, to attach the property, but was a trespasser. The seizure and sale on the execution did not purge the original trespass, but were founded upon it, whether he made the sale as deputy sheriff or as constable *Ilsley* v. *Nichols,* 12 Pick. 270. *Parsons* v. *Dickinson,* 11 Pick. 352. And his return, made long after the sale on execution, cannot estop the plaintiff to show the capacity in which he acted.

*W. F. Slocum,* for the defendant. 1. There was no sufficient delivery of the cart, as against the creditors of Decoster. It was in the possession of the vendor, was susceptible of delivery, and was not locked up in any building, or otherwise secured; and yet no delivery was made, except of the papers mentioned in the bill of exceptions, and no possession taken by the vendee. In no case yet decided in this commonwealth has such a delivery been held sufficient against creditors. *Lanfear* v. *Sumner,* 17 Mass. 110. *Shumway* v. *Rutter,* 7 Pick. 58. *Carter* v. *Willard,* 19 Pick. 1. In *Packard* v. *Dunsmore,* 11 Cush. 282, the property attached was locked up in the bakehouse, the key of which had been delivered to the plaintiff.

2. The objection that Dunsmore never gave bond as constable, is not open in this action; for it is well settled that the official acts of an officer regularly appointed, though not duly qualified, are valid, as to third persons. *Bucknam* v. *Ruggles,* 15 Mass. 180. *Nason* v. *Dillingham,* 15 Mass. 170. *Fowler* v. *Bebee,* 9 Mass. 231. *Doty* v. *Gorham,* 5 Pick. 489. Besides; the cart, at the time of the attachment, was held by Decoster under the lease. And further, the validity of the attachment is immaterial; for the defendant does not claim under the attachment, but under the seizure and sale on the execution, which were made by Dunsmore as deputy sheriff, and so returned by him on the execution, as the jury have found; and his return cannot be contradicted by parol evidence. *Bott* v. *Burnell,* 9 Mass. 99, and 11 Mass. 165. *Bean* v. *Parker,* 17 Mass. 601.

METCALF, J. We do not question the position taken by the plaintiff, that as between vendor and vendee, and against tres-

passers and strangers, personal property passes by a sale without delivery. But a creditor of the vendor, who attaches the property, or seizes it on execution, in due course of law, is not a trespasser or a stranger, within this rule. *Shumway* v. *Rutter*, 7 Pick. 56. *Carter* v. *Willard*, 19 Pick. 1. *Hoofsmith* v. *Cope*, 6 Whart. 53. In the case of *Parsons* v. *Dickinson*, 11 Pick. 352 (much relied on by the plaintiff,) it is indeed true that a sale without delivery was held to pass the property, as against a creditor of the vendor, who afterwards attached it. But the creditor had wrongfully seized and carried away the property, without legal process, after the sale, thereby preventing the vendee from taking possession, and then caused the property to be attached. The court held that he was a stranger and trespasser, when he seized and carried away the property, and that he could not purge that wrong by a subsequent attachment. But Mr. Justice Putnam said: " If this should be considered as a question between a *bona fide* vendee and an attaching creditor, it would be clear for the latter; for the creditor attached the goods before the vendee had perfected his title by having an actual delivery of them to him."

In the present case, there was no such constructive delivery of the cart to the plaintiff, as has been held, by any decision in this commonwealth, to pass the property to him as against the attaching creditors of Decoster. The ruling of the judge on this point was therefore right.

As to Dunsmore's proceedings in the attachment of the cart, and his seizure and sale of it on execution, the plaintiff, very clearly, has no cause of exception to the course taken by the judge at the trial. Whether the attachment, by a constable who had not given bond, was valid or void, is unimportant to the defendant. The seizure and sale by a deputy sheriff were valid, and passed the cart to the defendant as purchaser, the property therein not being in the plaintiff, as against the execution creditor. If the cart had been the plaintiff's property, the defendant could not have held it under the sale. *Buffum* v. *Deane*, 8 Cush. 41.                                            *Exceptions overruled.*