## Notley v. Orr et al.

*Execution—Sale—Change of possession.*

1. A sale of cows, horses and farm implements, not accompanied with, nor followed by, any change of possession, is fraudulent as to creditors, and such property may be subsequently levied upon under a judgment against the vendor.

2. The mere notice of such sale without delivery of possession will not prevent a judgment creditor of the vendor from issuing execution and levying upon the property.

Motion for judgment *n. o. v.* C. P. Blair Co., Oct. T., 1921, No. 89.

*John M. Snyder*, for plaintiff.

*B. F. Warfel* and *Hicks & Owen*, for defendants.

BALDRIGE, P. J., March 15, 1922.—On Dec. 24, 1920, C. L. Schreffler executed a bill of sale to R. F. Notley for cows, horses, some farm implements, etc., and upon the same day Notley leased the personal property to Schreffler, who had been, and continued to be, in possession thereof. Plaintiff was a judgment creditor of Schreffler, and he issued on his judgment, and a levy was made upon the personal property described in the bill of sale and the lease. This issue was framed to determine the ownership of the property levied upon.

There was submitted to the jury the question as to whether or not notice was given to H. L. Orr of the sale of the personal property and the leasing thereof from Notley to Schreffler. The jury determined that question in the affirmative and brought in a verdict in favor of the plaintiff.

A motion was made for judgment *n. o. v.* The contract of sale entered into on Dec. 24, 1920, not having been accompanied with or followed by a change of possession, is fraudulent as to creditors. It may have been perfectly fair and upright between the parties, but as the possession was permitted to remain in the hands of Schreffler, the former owner, the transaction was void as to creditors. It was not an actual fraud, in that it was not a dishonest transaction as between the immediate parties, but it was a constructive or legal fraud as against these defendants. It has long been the law in this State that where a sale of personal goods, reasonably susceptible of delivery, is unaccompanied by a transfer of actual possession, it is binding between the parties, but a fraud as to creditors: Cadbury *v.* Nolen, 5 Pa. 320; Buckley *v.* Duff & Sons, 114 Pa. 596; Bowersox *v.* Weigle & Myers, 77 Pa. Superior Ct. 367.

Assuming that Schreffler notified Orr of the transaction with Notley, that did not affect Orr's standing or preclude him from proceeding with an execution, as Orr did nothing that would estop him from pursuing his legal remedies, as neither Notley nor Schreffler were misled to their prejudice by anything that Orr did or failed to do: Atchison *v.* United Presbyterian Board of Publication, 266 Pa. 47. The mere notice of this transfer without delivery of possession did not prevent Orr from issuing this execution: 20 Cyc., 551.

The notice of the transfer, which is a constructive fraud, did not affect one who had already extended credit to the vendor: Warwick Iron Co. *v.* First National Bank, 10 Sadler, 14. As was said by Justice Burnside in Stark *v.* Ward, 3 Pa. 328: "If the law was not so, all that the holder of a fraudulent bill of sale of personal property would have to do to legalize his purchase would be to proclaim to the world his fraudulent and illegal act. This will not purge it of its iniquity. Our law is not so absurd."

As the sale of this personal property was a fraud by reason of the lack of notorious change of possession compatible with the nature of the property, merely notifying the creditor of the sale did not thereby validate it. How-

ever honest the transaction was between Notley and Schreffler, it was against the policy of the law: Steelwagon v. Jeffries, 44 Pa. 407.

In the view of the law there was no question to be submitted to the jury, and, therefore, this motion for judgment n. o. v. is hereby sustained.

From Robert W. Smith, Hollidaysburg, Pa.