## J. G. DITMAN v. B. F. RAULE & CO.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 11, 1889—Decided February 18, 1889.

1. Although a sale of goods unaccompanied by a delivery of possession is in law fraudulent and void as to creditors existing when it is made, yet as to subsequent creditors it is fraudulent only as to those in fact intended to be defrauded.

2. Where the validity of a sale of goods is attacked by a creditor whose debt is subsequently incurred, and there is no question raised as to the good faith of the sale as between the parties thereto, it is error to charge that the sale is fraudulent in law and therefore void.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 166 July Term 1887, Sup. Ct.; court below, No. 178 September Term 1886, C. P. No. 3.

On November 20, 1886, upon a single bill dated October 12, 1886, for $100 payable on demand, a judgment was entered in favor of B. Frank Raule & Co. against G. W. Drumeller for the sum of $110.60, including attorney's commissions and interest. On the same day an execution was issued, upon which the sheriff made a levy upon three certain printing presses and other property of a printing establishment. These presses and other property were claimed by Joseph G. Ditman, and on December 6, 1886, an issue was formed upon a sheriff's interpleader, wherein the claimant was made plaintiff and the execution creditors defendants.

At the trial of the issue on April 13, 1887, it was shown in proof of the claimant's title that on March 9, 1886, Drumeller, the execution defendant, was indebted to Joseph G. Ditman in the sum of $348, and there were executions out against him upon indebtedness to others to the amount of $230. On the day stated, Ditman took from Drumeller a bill of sale of all the property in his printing office, including that in dispute, and paid in cash $230 to be applied to the executions. The consideration set out in the bill of sale was $578, covering the indebtedness to Ditman and the cash paid to discharge the executions, and it was fully as much as the property was worth. In the same transaction, Ditman made a lease to Drumeller demising to him all the property covered by the bill of sale for the term of one year from March 12, 1886, for the rent or sum of $578 payable in equal monthly instalments, on the twelfth day of each month, the first payment to be made on April 12, 1886, and, in default of payment of the rent as agreed on for five days, the lease was to become void with the right to the lessor to enter and remove the property, the lessee to have the right at any time during the continuance of the lease to pur-

chase the property for $578. The property remained in the same building and in the custody of Drumeller until levied upon by the sheriff.

The court, FINLETTER, P. J., charged the jury:

"This is a question of fraud in law and it is for the court. I charge you to find a verdict for the defendants."

A verdict having been rendered for the defendants, a rule for a new trial was discharged and judgment entered, when the plaintiff took this writ assigning as error the instruction to the jury to find for the defendants.

*Mr. Chas. Lex Smyth*, for the plaintiff in error:

This was a printing establishment, and constructive change of possession was all that was possible under the circumstances. No such change of possession as will defeat the fair and honest object of the parties is required. The case should have been sent to the jury to find whether the sale was in good faith or merely colorable: Buckley v. Duff, 114 Pa. 596; Crawford v. Davis, 99 Pa. 576; McClure v. Forney, 107 Pa. 414; McKibbin v. Martin, 64 Pa. 360; Ziegler v. Handrick, 106 Pa. 87. Moreover, there could have been no intention to defraud a creditor whose debt was subsequently contracted, and the sale was not void as to him: Monroe v. Smith, 79 Pa. 459; Byrod's App., 31 Pa. 241; Harlan v. Maglaughlin, 90 Pa. 300; Maynes v. Atwater, 88 Pa. 496.

*Mr. W. H. Peace*, for the defendants in error, filed no brief.

OPINION, MR. JUSTICE WILLIAMS:

This was an issue framed under the provisions of the interpleader act. Ditman was the claimant of the goods levied on, and the title he set up rested on the following facts:

In March, 1886, Drumeller was the owner of a printing office, at No. 62 North Fourth St., Philadelphia. The sheriff levied upon all the presses, type and fixtures, and advertised the same for sale. Before the day of sale Ditman paid the sheriff the amounts due upon the writs in his hands and they were returned accordingly. He then bought all the materials from Drumeller at private sale, and on the same day made a lease of them to the former owner, who continued to use them and to

carry on business in the office in his own name. On November 20, 1886, Raule & Co. caused a judgment to be entered in the Common Pleas of Philadelphia against Drumeller, on a judgment note dated October 12, 1886, and a writ of fieri facias was issued thereon. The sheriff levied on the presses, type, and fixtures of the printing office at No. 62 North Fourth St., in use by the defendant in the writ. Ditman claimed to be the owner, and set up his purchase made in the previous March, and his lease to the defendant. At the conclusion of the evidence on the part of the plaintiff the court instructed the jury as follows: " This is a question of fraud in law and it is for the court. I charge you to find a verdict for the defendant."

The question presented by this instruction upon the evidence in this case is whether a sale of goods, made under such circumstances as to render it void as to existing creditors and bona fide purchasers for value, is also void as to all persons who may thereafter become creditors of the vendor. A sale of personal chattels though not accompanied by a delivery may be good between the parties. While such a sale is a legal fraud as to persons standing in a position to be defrauded by it, as to all other persons it may be valid if it is free from fraud in fact.

In regard to conveyances of real estate the rule is well settled. The conveyance is void as to those intended to be defrauded, but as to all others it may be valid, because it is the fraudulent intent, whether declared by the court as matter of law, or by the jury as matter of fact, that vitiates the conveyance. The same reason is at the foundation of the rule relating to sales of personal property. As to those who are in a position to be defrauded by the sale when it is made, the law under certain circumstances holds it void, but as to others the question may be one of bona fides. This was so held in Buckley v. Duff, 114 Pa. 596. The rule was stated by our brother CLARK in that case to be that " a transfer of personal property void as to existing creditors, is not necessarily void as to subsequent creditors. It is fraudulent only as to those it was intended to defraud." The learned judge of the court below held in this case the opposite to be the rule, declaring the sale necessarily void as to subsequent creditors because so made as to be void as to existing ones.

There was no question raised over the bona fides of the sale as between vendor and vendee. The evidence showed the payment of a full consideration by the vendee to save the property levied on from a sale by the sheriff. It also showed the execution of a lease to the vendor to enable him to continue in business. No sort of unfairness or fraud in fact appeared in the transaction. The claim of Raule & Co. seems to have originated several months after Ditman's purchase, and their rights as creditors are to be determined by reference to the state of things existing when their debt was contracted, and not by that which did exist a month or a year or several years before that time.

> The error assigned to the charge of the court below is sustained. The judgment is reversed, and a venire facias de novo awarded.