## Bell v. McCloskey, Sheriff, Appellant.

*Sale—Change of possession—Fraud.*

A purchaser of the lease of a dairy farm, with the cattle and farm implements belonging to it, who retains the vendor in possession as a tenant under a written lease, assumes sufficient possession of the property to entitle him to retain it as against the vendor's creditors.

Argued April 19, 1893. Appeal, No. 119, Jan. T., 1893, by defendant, Edgar L. McCloskey, sheriff, from judgment of C. P. Clearfield Co., Dec. T., 1891, No. 119, on verdict for plaintiff, S. H. W. Bell. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for wrongful levy and sale by sheriff.

At the trial, before KREBS, P. J., it appeared that the plaintiff sold to John Price a leasehold interest in a dairy farm and also a herd of twenty-four cows, one bull, two horses and various farm implements. Price gave his notes in payment, but it was subsequently found that he could not pay the notes, and he accordingly surrendered them to plaintiff, and a bill of sale was executed. Plaintiff then executed a lease of the farm, cattle, etc., to Price. Price was a practical dairyman, and

plaintiff had originally employed him to manage the farm. After the lease was executed he remained on the farm in possession of the cattle and dairy implements. Subsequently executions were issued on judgments against Price and twenty cows were sold by the sheriff as property of Price.

The court submitted the question of the bona fides of the sale to the jury, reserving the question whether there had been a sufficient change of possession of the property under the circumstances. Verdict for plaintiff.

Judgment was subsequently entered on the verdict in the following opinion by KREBS, P. J.:

" The motion in this case should more properly have come from defendant's counsel in the form of a motion for judgment non obstante veredicto, but as that motion has not been made and it is important that the case should be disposed of, we will consider it upon the motion filed by plaintiff's counsel.

" The jury have found as a fact that the transaction was bona fide. With this we are entirely satisfied, and indeed it was not alleged, at any time, that there was fraud in fact attempted. The whole contention arises over the question whether or not there was such taking possession of the property as saved it from being a fraud in law as to the other creditors of the vendor and defendant in the execution.

"It is quite true that a more formal delivery might have been made. The vendor might have been dismissed and a new man hired to drive the milk wagon and run the dairy. The cows might have been driven to another farm. But was this necessary? A new man would not know the patrons or the route. The farm on which the cows were kept was leased for that very purpose for a fixed term. We do not think under the facts in this case the court could declare the possession taken as insufficient as a matter of law. It seems to us to be a mixed question of law and fact, and that if the jury were satisfied that the transaction was honest and for a valuable consideration, followed by acts intended to transfer the possession as well as the title, and that the vendee assumed such control of the property as reasonably indicated a change of ownership, the transaction must stand.

" It is well settled now that the law does not require such change of possession as will defeat the fair and honest purpose

of the parties. For a declaration of the law in a case much like the one under consideration we refer to Garretson v. Hackenberg, 144 Pa. 107."

*Error assigned*, inter alia, was entry of judgment on the verdict.

*W. C. Pentz*, for appellant, cited: Newman v. Rutter, 8 Watts, 55; Barr v. Reitz, 53 Pa. 258; Miller v. Browarsky, 130 Pa. 379; Pa. Canal Co. v. Harris, 101 Pa. 86; McGuire v. James, 143 Pa. 521; McKibbin v. Martin, 64 Pa. 359; Stephens v. Gifford, 137 Pa. 227.

*A. L. Cole*, for appellee, cited: Warner v. Norton, 20 Howard, 448; Crawford v. Davis, 99 Pa. 576; Evans v. Scott, 89 Pa. 136; Steele v. Miller, 1 Cent. R. 566; Cessna v. Nimick, 113 Pa. 70; Chase v. Garrett, 1 Cent. R. 331; Buckley v. Duff & Sons, 114 Pa. 596; Ditman v. Raule, 124 Pa. 225; Garretson v. Hackenberg, 144 Pa. 107; Crist v. Kleber, 79 Pa. 290.

PER CURIAM, May 1, 1893:

All that can be profitably said in this case will be found in the opinion of the learned president of the common pleas on plaintiff's motion for judgment on the verdict.

The case was carefully and correctly tried and we find nothing in the record that requires a reversal of the judgment. The verdict, by necessary implication, completely negatives anything like fraud in fact. In the circumstances of the case it would have been error to have held that the transaction was a fraud in law. The law does not require such an absolute change of possession as would defeat the fair and honest purpose of the parties.

Neither of the specifications is sustained.

Judgment affirmed.