## James A. McCullough, Appellant, v. John Henry Willey.

*Sale—Change of possession—Fraud—Fraud in law and fraud in fact—Subsequent creditors—Contract—Bailment—Lease.*

A transfer of personal property void as to existing creditors is not necessarily void as to subsequent creditors. It is fraudulent only as to those it was intended to defraud.

Where a person executes a bill of sale for personal property and immediately takes a lease of the property from the vendee without any change of possession being effected, the sale without change of possession is not, as a matter of law, a fraud upon the rights of a subsequent creditor. The question in such case is one of fraud in fact, and is for the jury.

Argued Jan. 10, 1899. Appeal, No. 216, Jan. T., 1898, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1895, No. 1220, on verdict for defendant. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Sheriff's interpleader to test the ownership of certain goods levied on by John Henry Willey as the property of Josiah Crowther, and claimed by the plaintiff.

. From the record it appeared that the property in dispute was covered by a bill of sale and a lease, each dated October 12, 1895.

The bill of sale under seal was as follows:

"Know all men by these presents, that we, David Beswick and Josiah Crowther, trading as Beswick and Crowther of Manayunk, Philadelphia, for and in consideration of the sum of $1.00 and other valuable considerations to them in hand paid by James A. McCullough, trading as J. A. McCullough & Company, of Philadelphia at or before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, have granted, bargained, sold and delivered and by these presents do grant, bargain, sell and deliver unto the said James A. McCullough trading as James A. McCullough & Company all and singular the machinery mentioned in the schedule hereunto annexed and marked with the letter A: To have and to hold the said machinery unto the said James A. McCullough, trading as James A. McCullough & Company, his heirs, executors, administrators and assigns to and for his and their own proper use, benefit, and behoof forever. And we the said David Beswick and Josiah Crowther, ourselves, our heirs, executors and administrators, the said machinery unto the said James A. McCullough, trading, etc., executors, administrators and assigns, from and against all persons whomsoever, shall and will warrant and forever defend by these presents."

Inventory referred to in the foregoing bill of sale:

Two sets of double cards 60″, one floor grinder, one traverse grinder, two mules, 375 spindles each, two reels.

The lease was as follows:

"This agreement made between James A. McCullough, trading as James A. McCullough & Company, hereinafter called

the lessor, and David Beswick and Josiah Crowther, trading as Beswick & Crowther, hereinafter called the lessee, Witnesseth that the lessor hereby leases unto the lessee the 2 sets double cards, 60″, 1 floor grinder, 1 traverse grinder, 2 mules, 375 spindles each, 2 reels, to be used by and at the risk of the lessees, for the term of one year from October 12, 1895, at the rate of $90.00 per annum, payable in three instalments, on February 15, 1896, June 15, 1896, October 15, 1896, in equal payments of $30.00 each, for each of which instalments the lessee has executed and delivered to the lessor a promissory note.   Upon condition, nevertheless, and it is hereby mutually covenanted, promised and agreed by and between the lessor and lessee for themselves, their several respective heirs, executors, administrators, or successors and assigns, in manner following, that is to say : The lessee shall and will pay the said instalments of rent as they respectively fall due, keep the said property hereby leased on premises Ripka Mills, Manayunk, Philadelphia, and not remove the same therefrom during the term without the written consent of the lessor first indorsed hereon ; also, shall exhibit the said property to the lessor or his agent upon request; also, shall obtain and deliver to the lessor immediately upon the execution of this lease, a policy of insurance for the benefit of the lessor, in a satisfactory company, on said property, for $1,500 ; also, shall keep said property in good repair, and carefully use the same during the term, and at the expiration thereof, or other sooner determination of this lease, return the same to the lessor at his office Ripka Mills, Manayunk, Philadelphia, in like good order and condition as it now is (reasonable wear and tear only excepted) and free of any charges for freight or otherwise.   The said lessee shall not assign this lease or underlet, or in any other way part with the possession of said property, or any part thereof, without the written consent of the lessor first indorsed hereon.

" In case the lessee shall fail to keep and perform any of the agreements and conditions of this lease, on his part to be kept and performed ; or, in case any execution, attachment or distraint is levied upon the property hereby leased, or in case the lessee shall execute an assignment for the benefit of creditors, or be adjudged bankrupt, the lessor may, without any previous notice or demand, determine this lease and retake possession of

and remove said property, and for that purpose may enter upon any premises where said property may then be located, or may reasonably be believed to be, and the lessees hereby waive and relinquish unto the lessor, his agents or legal representatives, all right to damages for any trespass that may be committed in recovering said property ; but no such determination of this lease shall relieve the lessees from liability in damages for the breach of any agreements or conditions herein contained, and said lessees shall also be liable for all expenses incurred by the lessor in retaking possession of said property, by legal process or otherwise, and removing the same to the office of the lessor at Philadelphia.

·"If the said lessees or their legal representatives, shall desire or make application to purchase the property hereby leased prior to the expiration of said term, and shall have well and truly performed all the covenants and conditions of this lease up to the time of such application, and shall pay to the lessor, or his legal representatives, such sum of money as will, with the previous payments of rent up to that time made, amount to $1,500, this lease shall be determined and in that event only the said lessor will execute and deliver to the lessee a bill of sale for said property ; Provided, however, and it is hereby expressly agreed, that nothing herein contained shall vest any title, either legal or equitable, to the said property in the lessee other than as a lessee, until they shall have paid the full purchase money above mentioned, and shall have received a bill of sale as above provided for."

The machinery referred to in the above papers remained in possession of Beswick and Crowther until they were levied upon under an execution issued on a judgment in favor of the defendant Willey against Josiah Crowther. Mr. McCullough claimed the machinery, and an interpleader was framed to test the ownership.

The court gave binding instructions for the defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was the instruction of the court.

*John G. Johnson*, with him *John Weaver* and *John Sparhawk, Jr.*, for appellant.—The fact that the execution of John Henry

Willey was upon an obligation given subsequent to the sale and bailment must be taken into consideration in determining the question whether the sale was fraudulent: Ditman v. Raule, 124 Pa. 225; Buckley v. Duff, 114 Pa. 596. While a sale of personal property may be fraud in law as to existing creditors, it is not so as to subsequent creditors, and fraud in fact must be shown as to them: Renninger v. Spatz, 128 Pa. 524; Pressel v. Bice, 142 Pa. 263; Bell v. McCloskey, 155 Pa. 319; Evans v. Scott, 89 Pa. 136; Pearson v. Carter, 94 Pa. 156; Crawford v. Davis, 99 Pa. 576; Stewart v. Wilson, 42 Pa. 450; Bissell v. Steel, 67 Pa. 443; Coal Co. v. McKennan, 110 Pa. 599.

*Charles L. Lockwood*, for appellee.—It is submitted that the judgment of the court below was right, because the plaintiff, having claimed absolute ownership, proved, at best, a qualified ownership: Meyers v. Prentzell, 33 Pa. 482; Stewart v. Wilson, 42 Pa. 450; Richardson v. Montgomery, 49 Pa. 203; Vandike v. Rosskam, 67 Pa. 330; Dale v. Pierce, 85 Pa. 474.

The goods of a defendant pledged as security for a debt may be levied upon and sold subject to the rights and interests of the pledgee: Waverly Coal Co. v. McKennan, 110 Pa. 599; Pressel v. Bice, 142 Pa. 263.

The title proved by the appellant was invalid against an execution creditor: Clow v. Woods, 5 S. & R. 275.

OPINION BY MR. JUSTICE GREEN, July 19, 1899:

We think the learned court below was in error in holding that the plaintiff's claim of title was qualified and not absolute. The bill of sale made by Beswick and Crowther to McCullough was absolute, and transferred the entire title of the grantors in the articles mentioned to the plaintiff, without any condition or qualification whatever. On the same day the plaintiff executed a lease to Beswick and Crowther of the same articles, with the ordinary conditions of a lease and an added stipulation that if the lessees should subsequently pay to the lessor a sum equal to $1,500, with the payments of rent included, the lessor would execute and deliver a bill of sale of the property to the lessees. There was no provision in the lease that such a bill of sale should be made to the lessees in the event that they should pay the notes which were indorsed for them by the

lessee, and in point of fact they never did pay any of them. There was nothing said upon this subject in either the bill of sale or in the subsequent lease.  It is, of course, true, that the arrangement was made in order to secure McCullough against loss by reason of his indorsements for Beswick and Crowther, but that consideration will not convert an otherwise absolute sale into a conditional or qualified one.

On the subject of change of possession, which seems to have been the principal matter of contention on the trial, the authorities are clear that an absolute change is not in all cases essential to the validity of the transaction.  In Buckley v. Duff, 114 Pa. 596, we held that in the sale of personal property regard must be had, not only to the character of the property, but to the nature of the transaction, the position of the parties and the intended use of the property.  No such change of possession as will defeat the fair and honest object of the parties is required.  A transfer of personal property, void as to existing creditors, is not necessarily void as to subsequent creditors. It is fraudulent only as to those it was intended to defraud. The facts were that Greaves & Marland, being indebted to Buckley, gave him a bill of sale for certain paper box machines, and took from Buckley a lease for the machines at a fixed rental. The lease was for an indefinite time at a rental of fifty cents per week.  They remained in possession for some years and upon a judgment subsequently recovered against them the machines were seized in execution.  The court below, on the trial between Buckley, claiming under his bill of sale and lease, and the subsequent execution creditor, directed a verdict for the defendant, but this court reversed the judgment, holding that it required proof of actual fraud to vitiate the plaintiff's title.  The same rule was held in Renninger v. Spatz, 128 Pa. 524, our Brother McCollum saying in the opinion: " It was for the jury to find from the evidence whether the sale was in good faith or colorable, and whether the change of possession was all that could reasonably be expected of the vendor, taking into view the character and situation of the property and the relations of the parties."  In Pressel v. Bice, 142 Pa. 263, the rule as stated in Buckley v. Duff, supra, was repeated in the same words, and we affirmed the action of the lower court in leaving the question of actual fraud to the jury.  In Ditman v. Raule, 124 Pa.

225, we enforced the same doctrine saying, "that a sale of personal chattels that is not accompanied by delivery may be good between the parties. While such a sale is a legal fraud as to persons standing in a position to be defrauded by it, as to all other persons it may be valid if it is free from fraud in fact." In Bell v. McCloskey, 155 Pa. 319, we held that a purchaser of a lease of a dairy farm, with the cattle and farm implements belonging to it, who retains the vendor in possession as a tenant under a written lease, assumes sufficient possession of the property to entitle him to retain it as against the vendor's creditors. In the opinion of this court we said: "In the circumstances of the case it would have been error to have held that the transaction was a fraud in law. The law does not require such an absolute change of possession as would defeat the fair and honest purpose of the parties."

In the present case the defendant recovered a judgment against Crowther in February, 1896, and appears therefore to be a subsequent creditor. As to him it does not follow as a matter of law that the transaction between Beswick and Crowther and the plaintiff was a fraud in law, and it was therefore error to direct a verdict for the defendant. The question of fraud in fact should have been submitted to the jury. The assignments of error are sustained.

Judgment reversed and new venire awarded.