Eli J. Kendig and Christian Kendig, Administrators of Christian Kendig, deceased, Fannie B. Millhouse, Amos Millhouse and John Millhouse v. Henry Binkley, Appellant.

*Province of court—Legal fraud—Sale—Change of possession.*

In the trial of a feigned issue it is for the court first to determine whether the undisputed facts disclose such a case of possession retained by the vendor, after an alleged sale, as to condemn the transaction as a legal fraud, void as to execution creditors of the vendor.

*Sale—Continuing possession—Fraud—Burden of proof.*

When possession does not follow, as well as accompany, an alleged sale, the transaction is fraudulent in law, without regard to the intention of the parties; there must be not only a delivery of the chattels, at the time of the transfer, but a continuing possession in the vendee, and that must be shown by the claimant.

Argued Nov. 18, 1898.    Appeal, No. 166, Oct. T., 1898, by defendant, from judgment of C. P. Lancaster Co., March T., 1890, No. 1, on verdict for plaintiffs.    Before RICE, P. J., OR-LADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.    Re-versed.    Opinion by W. D. PORTER, J.

Feigned issue.    Before BRUBAKER, J.

It appears from the evidence that the defendant in the feigned issue levied, inter alia, upon nine steers or fat cattle as the prop-erty of Asher Millhouse.    These cattle were claimed by Eli J. Kendig and Christian Kendig, administrators of Christian Ken-dig, deceased, as purchasers of said cattle from Millhouse.

At the trial of the case below the court left the question to the jury as to whether the alleged sale of the cattle from Mill-house to Kendig involved an actual fraud upon Binkley.

Verdict and judgment in favor of E. J. Kendig and Chris-tian Kendig, administrators for the nine steers in controversy. Defendant Henry Binkley appealed.

*Error assigned* among others was refusing binding instruc-tions in favor of defendant and against Christian Kendig's ad-ministrators.

*W. U. Hensel,* of *Brown & Hensel,* for appellant.—Nothing is better settled in Pennsylvania by a long and unbroken line of decisions than that, in cases of the sale of personal chattels, their retention by the vendee may be a fraud in law and as against execution creditors when it is not a fraud in fact nor in the mind or intention of the vendee.    We need only cite to this effect such cases as Milne, Browne & Co. v. Henry, 40 Pa. 352, and Dewart v. Clement, 48 Pa. 413.

When the possession does not follow, as well as accompany, the transfer, it is a fraud in law, without regard to the inten-tion of the parties, and becomes a question for the court and

not for the jury: Young v. McClure, 2 W. & S. 147; McBride v. McClelland, 6 W. & S. 94.

From these and earlier decisions down to the present time there has been no change of the law upon this subject. It has been notably reasserted in Stephens v. Gifford, 137 Pa. 219, and by this court in Weller v. Meeder, 2 Pa. Superior Ct. 488: "The retention of possession of personal chattels is fraud in law when the subject of the transfer is capable of delivery, and no honest, fair reason can be asserted for the vendor not giving, and the vendee not taking, possession."

Nor is the doctrine in the least affected, shaken or modified by the later case of Hill v. Leibig Manufacturing Company, 3 Pa. Superior Ct. 398, based on and reaffirming Evans v. Scott, 89 Pa. 136, Crawford v. Davis, 99 Pa. 576, and Renninger v. Spatz, 128 Pa. 524.

With all the exceptions to the general rule established by Clow v. Woods, 5 S. & R. 275, it has never been held that actual fraud on the part of the vendee must be proved to the satisfaction of the jury before there can be a verdict for the execution creditor, and yet this is exactly what the court did in this case.

*D. F. Davis*, with him *A. O. Newpher*, for appellees.—It is well settled that a change in the location of the property is not always necessary or even practicable. Due regard must be had to the character of the property, its intended use, the nature of the transaction, position of the parties, etc.: Hugus v. Robinson, 24 Pa. 9; Ziegler v. Hendrick, 106 Pa. 87; Renninger v. Spatz, 128 Pa. 524; Goddard, Hill & Co. v. Weil & Co., 165 Pa. 419; Williams & Co. v. Rolling Mill Co., 174 Pa. 299; McGuire v. James, 143 Pa. 521.

The case in hand more nearly resembles Hill v. Leibig Mfg. Co., 3 Pa. Superior Ct. 398, and Renninger v. Spatz, 128 Pa. 524.

OPINION BY W. D. PORTER, J., July 28, 1899:

The defendant in this issue was plaintiff in a judgment entered on November 18, 1889, against Asher Millhouse and, on December 24, 1889, caused an execution to issue on said judgment and a levy to be made on nine head of cattle, among other property, found in possession of Millhouse. Kendig claimed the cattle, and this feigned issue was framed to try the ques-

tion of title. Kendig having died, his administrators were duly substituted as parties plaintiff. Upon the trial the following facts appeared in evidence and were undisputed: Millhouse was in possession, as a tenant, of a farm owned by Kendig, who lived upon another farm about a mile distant. In September, 1889, Millhouse bought of John Brubaker the nine steers or fat cattle which are the subject of this litigation, agreeing to pay for them in sixty days, received them into his possession and kept and fed them upon the farm which was in his exclusive occupancy. The time of payment for the steers having passed, Millhouse was unable to pay and sold them to Kendig, who was to pay the claim of Brubaker. The cattle were driven to Millersville, where they were weighed, on December 10, 1889. Kendig paid Brubaker the amount due him and agreed to keep the cattle at his, Kendig's, place, all night. The cattle were returned to the farm of Millhouse and to the very stalls which they had before occupied, the next morning, so that they had been out of the possession of Millhouse at most one day. Millhouse continued to feed and care for the cattle, as he had done before, down until the time of the levy, on December 24, 1889. Millhouse testified that Kendig told him how to feed the cattle and came there himself " nearly every week." There was no evidence of any change in the indications of ownership, nor of change as to the relation in which Millhouse stood as to the premises upon which the cattle were kept. Millhouse testified that he attended to the cattle for Kendig, but there is no evidence whatever as to what the arrangement between them was. Upon these undisputed facts the defendant asked for binding instructions, which the learned judge of the court below refused, charging the jury, inter alia, " Before you should render a verdict for Binkley (defendant) you must be satisfied that both Kendig and Millhouse intended, by the sale, to hinder and delay Binkley from collecting his claim, or that Kendig had knowledge that Millhouse intended to hinder and delay Binkley from collecting his claim." The jury found in favor of the plaintiff and the defendant appealed.

The refusal of binding instructions in favor of defendant is the subject of the eighth specification of error, and in the view which we take of the questions involved is conclusive of the whole case. If the only question arising under the evidence

had been the existence of actual fraud, it would have been proper for the court to submit the question of the existence of such fraud to the jury under the instructions given. In this case, however, it was for the court first to determine whether the undisputed facts disclosed such a case of possession retained by the vendor, after the alleged sale, as to condemn the transaction as a legal fraud, void as to execution creditors of the vendor. Had there been evidence from which the jury could infer, under instructions of the court, that there had been such an actual and exclusive change of possession, accompanying and following the sale, as the nature of the property and the uses to which it was to be devoted and the relations of the parties reasonably permitted, then it would have been proper to submit the question to the jury. The court was the tribunal to judge whether there was sufficient evidence to justify the inference of such delivery, whether the evidence of change of possession was such as to present a question of law for the court or of fact for the jury: Weller v. Meeder, 2 Pa. Superior Ct. 488; Dewart v. Clement, 48 Pa. 413; Goddard, Hill & Co. v. Weil & Co., 165 Pa. 419; McKibbin v. Martin, 64 Pa. 352. The court decided that there was sufficient evidence to require the submission of the question to the jury and in passing upon the correctness of this ruling we have only to apply well recognized principles to undisputed facts.

That retention of possession by a vendor of chattels is per se a fraud, as against creditors and subsequent bona fide purchasers without notice, has been maintained as a rule of policy for the prevention of fraud in an unbroken line of decisions from Clow v. Woods, 5 S. & R. 275, to the latest case upon the subject. Clow v. Woods established that retention of possession was fraud in law wherever the subject of the transfer was capable of delivery, and no honest and fair reason could be assigned for the vendor not giving up and the vendee taking possession, and the mere convenience of the parties is not such reason. The rule has been considered and discussed in many later cases, and its force remains unabated. No doubts have arisen as to the soundness of the rule, but difficulties have been presented in its application to the facts in specific cases and in determining when the evidence of change of possession was such as to present a question of law for the court or of fact for the jury.

Whenever the subject of the sale is capable of an actual delivery, such delivery must accompany and follow the sale, but when the property is not capable of an actual delivery a constructive delivery will be sufficient, and in such cases it is only necessary that the vendee assume the control of the subject so as to reasonably indicate to all concerned the fact of the change of ownership. When the property is used in carrying on any business and there has been a sufficient actual or constructive delivery to the vendee, and he is in possession, the fact that the vendor is employed as a clerk or servant about the establishment, in a capacity which holds out no indicium of ownership, does not constitute such a concurrent possession as the law condemns: McKibbin v. Martin, supra; Renninger v. Spatz, 128 Pa. 524; Bell v. McCloskey, 155 Pa. 319. When the vendor and vendee are members of the same family and the property consists of chattels used in their common home, the vendee is not bound to turn the vendor out of doors in order to separate him from the property; a constructive delivery is sufficient. In such cases the jury must decide, under proper instructions, whether there is fraud in fact: McVicker v. May, 3 Pa. 224; Evans v. Scott, 89 Pa. 136. These cases do not impair the authority of Clow v. Woods, but were clearly within the exceptions to the general rule recognized in the opinion of Mr. Justice GIBSON in that case.

In the present case there was nothing in the nature of the property or the uses to which it was intended to be devoted, nor was there anything in the relations of the parties which could excuse the absence of an actual delivery to the vendee and his failure to maintain an exclusive and continuing possession. The transaction was clearly within the operation of the well established rule. The delivery of the cattle to Kendig was intended to be only temporary, he agreed to keep the cattle at his place during the night after they were weighed at Millersville, which he did, and promptly the next morning returned them to the possession of Millhouse, in whose possession they remained until levied upon by the sheriff. Such a temporary change of possession for a single night, with the intention of returning the chattels to possession of the vendor, followed by an actual return the following day, cannot be regarded as meeting the requirements of the law in this respect. When the

possession does not follow, as well as accompany the sale, the transaction is fraudulent in law without regard to the intention of the parties, and becomes a question of law. There must be not only a delivery of the chattels at the time of the transfer, but a continuing possession in the vendee, and that must be shown by the claimant: Streeper v. Eckart, 2 Wharton, 302; Young v. McClure, 2 W. & S. 147; McBride v. McClelland, 6 W. & S. 94; McKibbin v. Martin, supra; Milne v. Henry, 40 Pa. 352. The suggestion of the claimant that this transaction should be treated as a rescission by Brubaker of the sale to Millhouse, and a subsequent sale by Brubaker to Kendig is unsupported by evidence, but even if all three of the parties had agreed to such an arrangement, it would still be tainted with the legal fraud arising from the retention of possession by Millhouse: Garman v. Cooper & Co., 72 Pa. 32. The learned court below ought to have affirmed the request of the defendant for binding instructions. The eighth specification of error is sustained.

And now, July 28, 1899, it is ordered and adjudged that the judgment of the court of common pleas of Lancaster county be reversed, and that judgment, as to the nine steers or fat cattle, be entered for the defendant in the issue, and that he recover his costs.