## Bowersox *v.* Weigle & Myers, Appellants.

*Sales—Personal property—Transfer of title—Possession—Delivery—Rights of creditors.*

Delivery of possession is necessary, in order to make a transfer of title to personal property valid, against the creditors of the vendor. In considering what is actual delivery the nature of the property and the circumstances of the sale must be regarded. Where the possession of vendor and vendee is concurrent or the vendor appears to occupy the same relation to the property, as he did before, the transfer is void as against creditors.

Delivery of an automobile to the vendee's barn in the latter part of one afternoon, from whence it was taken the next morning by

the vendor under a lease, was not such a delivery of possession as would reasonably amount to notice to parties interested, and did not constitute a valid transfer as against creditors of the vendor.

Argued April 11, 1921. Appeal, No. 30, April T., 1921, by defendant, from judgment C. P. Clarion County, Dec. T., 1918, No. 7, for plaintiff in case tried by the court without a jury in suit of J. H. Bowersox v. I. J. Weigle to the use of I. J. Weigle and F. L. Myers, doing business as Weigle & Myers. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Sheriff's interpleader to determine title to property levied on. Before SLOAN, P. J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff. Defendant appealed.

*Errors assigned* were various rulings on evidence, and the entry of judgment for plaintiff.

*W. J. Geary,* for appellants.—In order to constitute a valid sale, against existing creditors, there must be delivery and continued possession in the vendee and the burden of proving same was on the plaintiff: Schwab v. Woods, 24 Pa. Superior Ct. 433; Hill v. Leibig Mfg. Co., 3 Pa. Superior Ct. 398; McMarlan v. English, 74 Pa. 296; Miller v. Garman, 69 Pa. 134; Trunick v. Smith, 63 Pa. 18; Hoofsmith v. Cope, 6 Wharton 53.

Delivery to be good against creditors must be so open and so long continued as to indicate to the world at large that there has been a change of ownership: Garman v. Cooper, 72 Pa. 32; Davis v. Bigler, 62 Pa. 242; Barr v. Reitz, 53 Pa. 256; McBride v. McClelland, 6 W. & S. 94; Kendig v. Binkley, 10 Pa. Superior Ct. 463.

*H. M. Rimer,* and with him *F. J. Maffett,* for appellee.
—The appellants' position rests upon the rule of Clow v.
Woods, 5 S. & R. 275, which has been relaxed and ren-
dered more in consonance with present day business:
Schwab v. Woods, 24 Pa. Superior Ct. 433; Davies v.
Oxenrider, 43 Pa. Superior Ct. 501; Gump v. McDaniel,
42 Pa. Superior Ct. 429; Nathenson v. Crossland, 54 Pa.
Superior Ct. 610; Hunter Construction Co. v. Lyons,
233 Pa. 561.

The agreement between the parties was a bailment:
Eulow v. Kline, 79 Pa. 488; Edwards's App., 105 Pa.
103; Painter v. Snyder, 22 Pa. Superior Ct. 603; Stiles
v. Seaton, 200 Pa. 114.

OPINION BY HENDERSON, J., July 14, 1921:

This case arose on a petition of the sheriff for an in-
terpleader. He held a writ of fieri facias against M. A.
Wolfgang in favor of Weigle & Myers, the appellants—
pursuant to the direction of which he levied on an auto-
mobile found in the possession of the defendant in the
writ. Thereafter, notice was served on him by J. H.
Bowersox, the appellee, that the car was his property.
On the sheriff's petition, an issue was framed; at the
trial of which a verdict was rendered for the plaintiff.
The property having been levied on while in the posses-
sion of the defendant in the writ, the presumption is that
it was his property and the burden was on the plaintiff
in the issue to show that the latter was the owner. The
evidence bearing on the subject of title may be briefly
stated. Wolfgang had been for some time the owner of
the automobile and in daily use of it. He owed a bill
for merchandise to Bowersox. Late in the afternoon of
July 31, 1918, he met the latter in Bethlehem where they
lived and Bowersox asked him for money on the account.
Wolfgang said he had not the money, but that he would
give the car on the bill. Bowersox said he would take
the car and give him credit for its value, which was
agreed to be $350. Wolfgang afterwards on the same

afternoon ran the car into the barn of Bowersox. The next morning Wolfgang came to Bowersox and asked to rent the car until he had finished a certain lease "out in Leatherwood." Bowersox assented to the proposition and a contract was drawn under which Bowersox leased the car for five months at the rental of $70 a month, at the end of which period if payments should be made as in the lease provided, the lessee had the option of purchase of the property by paying the lessor one cent purchase money. Wolfgang took the car after the lease was signed and used it in his business up to the time the sheriff made the levy. The case was tried before the court without a jury. Judgment having been entered for the plaintiff, an appeal was taken by the defendants. Their contention is that there was not such a change of ownership and possession as was necessary to remove the property levied on from the operation of the execution. It has been the unvarying rule in this Commonwealth for more than a century that a delivery of personal property must follow as well as accompany the transfer of title, and that a sale attended with a retained possession by the vendor is fraudulent in law however good the intent of the parties may have been. The reason of the rule is clearly stated by Justice KENNEDY in Streeper v. Eckart, 2 Wharton 301, and has been considered in so many succeeding cases that additional discussion would be highly superfluous. The kind of possession required has been stated in many cases. Consideration must be had of the character of the property, the use to be made of it, the nature and object of the transaction, the situation of the parties, and the usages of trade: Crawford v. Davis, 99 Pa. 576; Renninger v. Spatz, 128 Pa. 524; McCullough v. Willey, 200 Pa. 168; White v. Gunn, 205 Pa. 229. The general rule may be said to be that delivery of possession is necessary to transfer a title by the act of the owner in order that it be valid against creditors of the vendor. It is indispensable that the vendee assume such control of the property as ought reasonably

to indicate a change of ownership. In considering what is an actual delivery, the nature of the property and the circumstances of the sale must be regarded. The distinction is obvious between articles of merchandise readily capable of manual possession and property of such bulk or in such condition or so situated as to be incapable of such delivery. Circumstances affecting property of the latter kind may remove any false appearance of ownership in the vendor, in which case the question of the bona fides of the transaction becomes one for the jury under proper instructions, and a constructive delivery may be sustained. In the case of property readily susceptible of actual delivery there must be not only a delivery, but a continuing possession in the vendee for such time as would reasonably give notice to all concerned of the change of ownership. "The vendee must assume the control and do all that an honest man would reasonably be expected to do to advertise the sale": McKibbon v. Martin, 64 Pa. 352. The possession must be exclusive or it will be deemed colorable. There must be a substantial change of possession. Where the possession is concurrent or the vendor appears to occupy the same relation to the property as he did before, the transfer is void as against creditors: Streeper v. Eckart, supra; Young v. McClure, 2 W. & S. 147; Milne v. Henry, 40 Pa. 352; Barr v. Reitz, 53 Pa. 256; Kendig v. Binkley, 10 Pa. Superior Ct. 463. It is said, however, in support of the judgment that the rule in Clow v. Woods, 5 S. & R. 275, and the long line of cases following it has been relaxed as shown in Keystone Watch Case Co. v. Fourth Street National Bank, 194 Pa. 535. Commenting on the latter case in White v. Gunn, supra, Mr. Justice BROWN said: "We did not say nor intend to say that the rule itself is not still the law. It is as true now as it was when the rule was announced in the case nearly a century ago that if a purchaser pays the price for goods purchased by him without taking possession of them, he takes the risk of the integrity and solvency of his vendor when the rights

of a subsequent bona fide purchaser or an execution creditor arise." The reference to the relaxation of the rigor of the rule as laid down in Clow v. Woods was only intended to indicate that the law does not set up an unbending test of the sufficiency of delivery and retention of possession to be applied in all cases, but that regard must be had to the character of the property and the relation of the parties as well as the usages of trade. In Barlow v. Fox, 203 Pa. 114, it was said: "There has been no deviation from the general rule that delivery of possession is indispensable to transfer a title by the act of the owner that shall be valid against creditors." All the cases hold, however, that the vendee must assume such control of the property as ought reasonably to indicate a change of ownership. How does the principle of the cases cited and others which might be cited apply to the facts disclosed in the case before us? The possession acquired by the plaintiff consisted of the putting of the automobile in his barn by Wolfgang where it remained from the latter part of the afternoon of one day until the morning of the next when the lease was executed at which time Wolfgang took the car away. The license tag on the car while Wolfgang owned it remained on it. No change of appearance of any kind gave notice that he was no longer the owner. Nothing in the evidence gives any intimation that any other parties interested or the public had any means of knowing that the car was sold; as to them it was a secret transaction. It was said in Barr v. Reitz, supra: "It is a settled rule of law that a voluntary sale of chattels must be accompanied by an actual change of possession, and the possession must continue in the purchaser. A temporary change and early return of the property into the hands of the vendor leaves it still exposed to the execution of creditors." This is the doctrine of Davis v. Bigler, 62 Pa. 242; Garman v. Cooper, 72 Pa. 37; Kendig v. Binkley, supra. In Streeper v. Eckart, supra, the court said it was perfectly manifest that a change of possession

merely for a single night or day could not have the effect to advise the public of a change of ownership in the property. It is not apparent from the evidence that the transfer of the property to Bowersox was any more notorious in the morning than it was the night before, and so far as the publicity of the transaction was concerned, Wolfgang might as well have taken the car with him in the evening as to have done so the next morning. The transaction lacked, therefore, the continuing possession of the property by the plaintiff which the law requires to avoid the legal conclusion that the sale was colorable. The car was easily transferable and it was necessary that the vendee continue in possession of it for such a length of time as would reasonably amount to notice to parties interested that he was the owner.

Our conclusion is that the court was in error in refusing defendant's point as set forth in the fourth assignment and in entering judgment for the plaintiff. The judgment is therefore reversed and the record remitted to the court below with direction to enter judgment in favor of the defendants.