### Root v. Hershey et al., Receivers of the Lancaster County Farmers' Supply Company. No. 2.

*Sale — Replevin — Fungible goods—Receivership—Whom receivers represent—Sales Act of May 19, 1915, sect. 6, P. L. 543.*

1. While receivers appointed on an application of creditors represent and have the rights of creditors, when receivers of a corporation are not so appointed, they do not represent the creditors, but represent and stand in the place of the company.

2. Where a plaintiff in replevin purchased from the defendant company by present sale a thousand bushels of oats, which were not delivered when receivers were appointed for the vendor, and were on the premises mixed with other oats belonging to the company, he can recover by replevin a thousand bushels of such oats from the receivers, unless they are shown to have been appointed by creditors' bill.

Rule for judgment for defendant *n. o. v.* C. P. Lancaster Co., March T., 1925, No. 50.

*M. E. Musser* and *H. Frank Eshleman*, for rule; *Guy K. Bard*, contra.

HASSLER, J., July 3, 1926.—This writ of replevin was issued to recover possession of 2000 bushels of oats which the plaintiff purchased, and paid for, from the Lancaster County Farmers' Supply Company on Dec. 5, 1924. In his statement he alleges that at the time of the purchase it was agreed that the said oats was to remain on the said company's premises, free of charge, until such time as he wanted it. It is also alleged in his statement that the said 2000 bushels of oats were on the premises of the said company at the time the writ of replevin was issued, mixed with other oats belonging to the said company.

On Jan. 24, 1925, a bill in equity was filed against the defendant company, in which the plaintiff in this case is the plaintiff and on which the defendant receivers were appointed. A writ of replevin was issued on Feb. 25, 1925, after the appointment of the receivers. At the trial it was shown that the company was insolvent. It was not shown that the receivers were appointed on a creditor's bill. All the allegations of the statement were proven at the trial, and a verdict was found for the plaintiff. We refused the point submitted by the defendant, that, under the law and the evidence, the verdict must be for the defendant, and we are now asked to enter judgment for the defendant *n. o. v.*

The Sales Act of May 19, 1915, § 6, P. L. 543, provides:

"1. There may be a contract to sell or a sale of an undivided share of goods. If the parties intend to effect a present sale, the buyer, by force of the agreement, becomes an owner in common with the owner or owners of the remaining shares.

"2. In the case of fungible goods, there may be a sale of an undivided share of a specific mass, though the seller purports to sell, and the buyer to buy, a definite number, weight or measure of the goods in the mass, and though the number, weight or measure of the goods in the mass is undetermined. By such a sale the buyer becomes owner in common of such a share of the mass as the number, weight or measure bought bears to the number, weight or measure of the mass. If the mass contains less than the number, weight or measure bought, the buyer becomes the owner of the whole mass and the seller is bound to make good the deficiency from similar goods, unless a contrary intent appears."

As the uncontradicted testimony shows that the 2000 bushels of oats were purchased by the defendant, and both the vendee and the vendor intended to effect a present sale, the vendee (the plaintiff) became the owner of that quantity of oats, even though they were not separated from the larger quantity of which they were a part.

That the plaintiff's right of ownership carried with it a right of possession which can be enforced by a writ of replevin against the Lancaster County Farmers' Supply Company is not questioned, but it is contended that he is not entitled to possession of the oats as against the receivers, for the reason that the receivers stand in the place of the creditors, and a sale of chattels without delivery is not good against creditors or against those who represent the creditors.

A sale of personal property unaccompanied by change of possession is fraudulent as to the creditors of the vendee, and when the testimony shows that there was no change of possession, it is the duty of the court to declare the sale fraudulent as to creditors: Clow v. Woods, 5 S. & R. 275; Kendig v. Binkley, 10 Pa. Superior Ct. 463; McCullough v. Willey, 192 Pa. 176, and 200 Pa. 168; White v. Gunn, 205 Pa. 229. Where receivers stand in the place of the creditors, the same rule applies.

All receivers, however, do not stand in place of the creditors: Duplex Printing Press Co. v. Clipper Publishing Co., 213 Pa. 207. The facts in that case are as follows: The plaintiff sold and delivered to the defendant a printing press. The transaction was a conditional sale and not a bailment. A *creditor's bill* was filed against the defendant by certain creditors acting for themselves and other creditors, under which a receiver was appointed, who took possession of this printing press. Under an order of the court, the receiver sold it to one Clarke. The plaintiff thereupon issued a writ of replevin for it. Clarke was permitted to intervene as a defendant to protect his interest. The verdict was in his favor. In affirming the court below, Chief Justice Mitchell, delivering the opinion of the Supreme Court, said: "The authority of a receiver and the effect of his action depend almost entirely on the purpose of his appointment and the extent of his powers conferred by the decree appointing him. . . . A voluntary assignee for the benefit of creditors is a mere representative of the debtor and would be bound where he would be bound: Wright v. Wigton, 84 Pa. 163; but Tams v. Bullitt establishes the distinction that when the assignee, trustee, or whatever he may be called, derives his authority, not from the mere voluntary act of the assignor, but from the mandate of the law, even when enforced, in the language of that case, through a 'compulsory assignment' from the debtor, *in the interest of the creditors*, he represents the latter and is vested with their powers. The same principle applies, a *fortiori*, to a receiver deriving his authority, not at all from the debtor, but altogether from the court, *acting in the interest and for the enforcement of the rights of creditors. When, therefore, on a creditor's*

Root v. Hershey et al., Receivers. No. 2.

*bill, a receiver is appointed* for an insolvent corporation, he is not limited, like an assignee for the benefit of creditors, by the rights of the debtor corporation as to property held by it under a conditional sale, but has the rights of a levying creditor, and a sale by him passes a good title against the vendor, irrespective of the purchaser's status as a creditor, either with or without notice."

In Philadelphia Trust Co., Trustee, v. Northumberland County Traction Co. et al., 258 Pa. 152, the court said: "A receiver of the insolvent corporation stands in the shoes of the owner and takes only his interest in the property, subject to all valid liens against it. He can acquire no other greater or better interest than the debtor had in the property; and to this extent the receiver has been held to stand in the shoes of the debtor; and he has the same right which the insolvent would have had, and can set up no rights against claims which the debtor could not have set up. . . . A receiver, it is held, succeeds only to such right, title and interest in the property as the individual or corporation for which he is appointed receiver had at the time the appointment was made." In John Deere Plow Co. v. Hershey et al., Receivers of the Lancaster County Farmers' Supply Co., 39 Lanc. Law Rev. 504, we decided that a conditional sale to the Lancaster County Farmers' Supply Company, which is not good as against creditors, was good as against these receivers, for the reason that they stood in the place of the company and not as representatives of the creditors, as there was nothing to show that they were appointed receivers on a creditors bill. That case has been affirmed by the Supreme Court [287 Pa. 92].

From these cases it follows that if the defendants were appointed receivers on an application of creditors, that is, on a creditor's bill, they would represent and have all the rights and powers of creditors, and there being no dispute that there was no change of possession of the oats sold to the plaintiff, we should have instructed the jury, as a matter of law, that the sale was fraudulent, and a verdict should have been rendered in favor of the defendants.

But, on the other hand, if the defendants were not appointed receivers on a creditor's bill, they did not represent the creditors, but represented and stood in the place of the company, against which the sale of the oats was valid without a change of possession, and no error was committed in our having instructed the jury to find a verdict for the plaintiff.

The burden of proving that the receivers were appointed on a creditor's bill was on the defendants, who sought to avail themselves of the rights of the creditors. It was testified at the trial that the Lancaster County Farmers' Supply Company was insolvent when the receivers were appointed, but, as one of the receivers testified, he only learned that fact after his appointment. There is no testimony that would have justified the jury in finding that the receivers were appointed on a creditor's bill, so that there is no testimony that would have justified the finding that the defendants stood in the creditors' place or represented them. The sale of the oats to the plaintiff without delivery, therefore, was not fraudulent as to them, and the verdict was properly found for the plaintiff. The bill in equity on which the receivers were appointed was not offered in evidence. We are of the opinion that the verdict in this case is in accordance with the law and the testimony, and, therefore, discharge the rule to show cause why judgment should not be entered for the defendants *n. o. v.*

From George Ross Eshleman, Lancaster Pa.