First National Bank of Towanda *v*. Parks.

Submitted November 19, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAW-
THROP and CUNNINGHAM, JJ. 

J. *Roy Lilley,* and with him *Wm. P. Wilson,* for ap-
pellant.—Under the Uniform Conditional Sales Act
the Farmers' National Bank acquired a good title
to the cattle as against execution creditors. Ridg-
way D. & E. Co. v. Werder, 287 Pa. 359; Isman
v. Hanscom, 217 Pa. 133; Forrest v. Nelson, 108 Pa.
481; Ott v. Sweatman, 166 Pa. 217; Brunswick and
Balke Co. v. Hoover, 95 Pa. 508; Bullock E. M. C. Co.
v. Traction Co., 231 Pa. 129.

*W. E. Lane,* and with him *Rodney A. Mercur,* for
appellee.

OPINION BY HENDERSON, J., December 13, 1928:

The plaintiff being a creditor of M. W. Parks,
caused a judgment to be entered on which a writ of
fieri facias was issued and a levy made by the sheriff
on some cattle kept on a farm owned by the defendant
who had been owner both of the farm and the cattle
for a considerable period. After the levy, Farmers'
National Bank of Rome, the appellant, gave notice to
the sheriff that it was the owner of the cattle, where-
upon the sheriff presented the petition in this case,
praying for an interpleader to determine the title to
the property seized. Title to the property claim set
up by the Rome Bank arose out of the following facts:

Parks wished to borrow money from the Bank, and on the 13th of September, 1926, he delivered to the Bank a bill of sale, for the cattle referred to, to secure the Bank against loss on the loan. The same day the Bank executed a conditional sales contract for the cattle levied on as the property of Parks. This contract was filed in the prothonotary's office in Bradford County in compliance with the provisions of the Act of May 12, 1925, P. L. 603. The cattle remained in the possession of Parks under this arrangement, and were neither constructively nor actually in the possession of the Rome Bank; the sheriff desiring to relieve himself from the responsibility with respect to the title of the property asked for the interpleader. A rule was granted on this petition which was afterward discharged, the court holding that the transaction between Parks and the appellant was not valid with respect to execution creditors, the property levied on never having been out of the possession of the debtor.

Counsel for the appellant seeks to give effect to that part of the Act of 1925 which authorizes the owner of property to deliver possession of it on a contract of sale on condition that the title remain in the vendor until the indebtedness shall have been paid. We are of the opinion however that that statute has no bearing on the facts here presented. The Rome Bank never having obtained possession of the property pledged was not in a position to contend that it had a good title as against an execution creditor. It is not material therefore to consider what the rights of the appellant were as against Parks or, now that he is dead, against his estate. The court below very properly based the decision on the principle of law supported by numerous cases. It is too late now to overthrow the well established doctrine that personal property assigned if susceptible to actual delivery must be so delivered. The change of possession must be both actual and continued. The sale of the cattle to

the Rome National Bank was not effective as against the execution creditor because of the failure of the vendor to deliver possession of the property to the vendee.

The order of the court must therefore be affirmed.

Note—This opinion was written by Judge Henderson and adopted by the court as its judgment before his death though filed thereafter.