## In re AMERICAN KNITTING CO.
### No. 9668.

District Court, M. D. Pennsylvania.
July 9, 1938.

Ellsworth S. Keller, of Tunkhannock, Pa., for trustee.

Donald Reifsnyder, of Scranton, Pa., and Louis A. Fine, of Honesdale, Pa., for claimant, Robaczynski Machine Corporation.

WATSON, District Judge.

This matter is now before the Court upon exceptions of the Trustee in Bankruptcy to the report of the Special Master recommending that the prayer of the petition of the Robaczynski Machine Corporation seeking reclamation of five knitting machines be granted, and that the Trustee be ordered to turn the machines over to the Petitioner.

The facts are not in dispute. On February 9, 1937, the Petitioner sold the Bankrupt five large knitting machines for a total price of $14,595. Included as a part of the down payment on the machines then purchased by the Bankrupt were the machines in question, described as "five hand flat Supreme knitting machines". The machines in question were never removed from the Bankrupt's plant, and nothing was done that would indicate to third persons any change of their ownership. On June 1, 1937, the Petitioner sold the machines in question back to the Bankrupt under a conditional sales contract for a total price of $505, reserving title in itself pending payment of the full purchase price. This contract was recorded in the office of the Prothonotary of Wayne County, in accordance with the Pennsylvania Conditional Sales Act of 1925, 69 P.S.Pa. § 361 et seq., on June 15, 1937. The machines remained in the possession of the Bankrupt from prior to February 1937 to the time the Trustee was appointed November 3, 1937.

The Special Master has found that the Petitioner took physical possession of the machines by having them pointed out to one of its officers on the floor of the Bankrupt's plant at the time the contract of February 9, 1937 was made. The evidence sustains the finding that the machines were pointed out to the Petitioner's officer, but there is no basis for the conclusion that physical possession was taken by the Petitioner. Certainly having the machines pointed out to the officer would not constitute a taking of physical possession. There was not evidence before the Special Master from which it could be found that the Petitioner ever had actual and continued possession of the machines.

By the Bankruptcy Act, Section 70, 11 U.S.C.A. § 110, a trustee in bankruptcy is vested with title to all property transferred by the Bankrupt in fraud of creditors, and this includes property the transfer of which creditors would have the right to avoid under state law. Rankin v. Cox et al., 8 Cir., 71 F.2d 56. That the transfer of the machines involved in this case could be avoided by creditors of the

Bankrupt under the law of Pennsylvania is axiomatic. As was said in Bowersox v. Weigle & Myers, 77 Pa.Super. 367, 370: "It has been the unvarying rule in this Commonwealth for more than a century that a delivery of personal property must follow as well as accompany the transfer of title, and that a sale attended with a retained possession by the vendor is fraudulent in law however good the intent of the parties may have been. The reason of the rule is clearly stated by Justice Kennedy in Streeper v. Eckart, 2 Whart. 302 [30 Am.Dec. 258], and has been considered in so many succeeding cases that additional discussion would be highly superfluous. The kind of possession required has been stated in many cases. Consideration must be had of the character of the property, the use to be made of it, the nature and object of the transaction, the situation of the parties, and the usages of trade: Crawford v. Davis, 99 Pa. 576; Renninger v. Spatz, 128 Pa. 524 [18 A. 405, 15 Am.St.Rep. 692]; McCullough v. Willey, 200 Pa. 168 [49 A. 944]; White v. Gunn, 205 Pa. 229 [54 A. 901]. The general rule may be said to be that delivery of possession is necessary to transfer a title by the act of the owner in order that it be valid against creditors of the vendor. It is indispensable that the vendee assume such control of the property as ought reasonably to indicate a change of ownership. In considering what is an actual delivery, the nature of the property and the circumstances of the sale must be regarded. The distinction is obvious between the articles of merchandise readily capable of manual possession and property of such bulk or in such condition or so situated as to be incapable of such delivery. Circumstances affecting property of the latter kind may remove any false appearance of ownership in the vendor, in which case the question of the bona fides of the transaction becomes one for the jury under proper instructions, and a constructive delivery may be sustained. In the case of property readily susceptible of actual delivery there must be not only a delivery, but a continuing possession in the vendee for such time as would reasonably give notice to all concerned of the change of ownership. 'The vendee must assume the control and do all that an honest man would reasonably be expected to do to advertise the sale.' McKibbin v. Martin, 64 Pa. 352 [3 Am.Rep. 588]. The possession must be exclusive or it will be deemed colorable. There must be a substantial change of possession. Where the possession is concurrent or the vendor appears to occupy the same relation to the property as he did before, the transfer is void as against creditors: Streeper v. Eckart, supra; Young v. McClure, 2 Watts & S. 147; Milne v. Henry, 40 Pa. 352; Barr v. Reitz, 53 Pa. 256; Kendig v. Binkley, 10 Pa.Super. 463." In the case at bar, the testimony was to the effect that manual transfer of physical possession would not have been at all difficult. The Petitioner made no attempt to assume control of the property and from all appearances the Bankrupt occupied the same position with reference to it after the contract of February 9, 1937 was made as it had occupied before. The conclusion is inevitable that the sale or transfer to the Petitioner was fraudulent in law as to creditors of the Bankrupt, and title to the machines vested in the Trustee to the exclusion of the Petitioner.

Petitioner contends that the conditional sale of the machines back to the Bankrupt, and the recording of this contract in the office of the Prothonotary under the Act of 1925 was sufficient notice of its ownership to prevent avoidance of its title by the Trustee. But the law is otherwise, as was decided by the Superior Court of Pennsylvania in the case of First National Bank of Towanda v. Parks et al., 94 Pa.Super. 570. In that case a farmer sold certain of his cattle to a bank and delivered a bill of sale therefor to the bank. The bank thereupon sold the cattle back to the farmer under a Conditional Sales Contract and recorded the contract as provided in the Act of 1925. The cattle never left the possession of the farmer. A creditor levied execution against the cattle, the bank asserted title to the cattle and a sheriff's interpleader resulted. The original sale by the farmer to the bank was held fraudulent in law and voidable as against the execution creditor. In answer to the bank's contention that under the Conditional Sales Act it acquired a good title to the cattle as against execution creditors, the Court said: "Counsel for the appellant seeks to give effect to that part of the Act of 1925 which authorizes the owner of property to deliver possession of it on a contract of sale on condition that the title remain in the vendor until the indebtedness shall have been paid. We

are of the opinion however that that statute has no bearing on the facts here presented. The Rome Bank never having obtained possession of the property pledged was not in a position to contend that it had a good title as against an execution creditor. It is not material therefore to consider what the rights of the appellant were as against Parks or, now that he is dead, against his estate. The court below very properly based the decision on the principle of law supported by numerous cases. It is too late now to overthrow the well established doctrine that personal property assigned if susceptible to actual delivery must be so delivered. The change of possession must be both actual and continued. The sale of the cattle to the Rome National Bank was not effective as against the execution creditor because of the failure of the vendor to deliver possession of the property to the vendee." So, also, in the present case, the Petitioner never having had actual and continued possession of the machines it never acquired title to the machines as against creditors, and its resale of the machines to the Bankrupt could not improve its position with respect to such creditors nor with respect to the Trustee who stands in their shoes.

Having reached the above conclusion, it is unnecessary to pass upon the question whether the property was sufficiently described in the Conditional Sales Contract, or whether the failure to record the contract within ten days after its execution would affect the rights of the parties. Therefore, these questions are not decided.

The petition of the Robaczynski Machine Corporation, filed February 21, 1938, to reclaim the machines described in the petition is dismissed, and the prayer of the petition is refused.