## Reyer, Appellant, *v.* Rice.

*Sale—Sale of goods—Contract—Transfer of possession.*

When a purchase of goods is made in good faith and for a valuable consideration followed by acts intended to transfer possession as well as the title, and the vendee assumes such control of property as reasonably to indicate a change of ownership, the delivery of possession as a matter of law, cannot be declared to be insufficient. No such change of possession as will defeat the fair and honest purpose of the parties is required.

Whether the sale is in good faith or colorable, whether under the circumstances the change of possession is all that could reasonably have been expected by the vendees, taking into consideration the character and situation of the property, are questions of fact to be determined by the jury.

The declarations of a vendor made after the sale, are not competent evidence to affect the title of the vendee.

Where the sale of a newspaper together with the presses and other articles incident to a newspaper establishment is not followed by an immediate removal, or notice of change of ownership by advertising in the newspaper, or placing signs on the premises in which it was located, or on the machinery, a verdict and judgment for an execution creditor of the vendor in an interpleader, will be sustained.

Argued Dec. 3, 1907. Appeal, No. 246, Oct. T., 1906, by plaintiff, from judgment of C. P. Northampton Co., Feb. T., 1906, No. 25, on verdict for defendant in case of Aaron Reyer and E. H. Laubach v. Louis C. Rice. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Sheriff's interpleader to determine ownership of a newspaper establishment. Before HEYDT, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

At the trial when Charles D. Andrews, a witness for defendants, was on the stand the following offer was made:

Mr. Gernerd: I propose to prove by this witness that E. J. Royer was doing his banking business with the Cement National Bank of Siegfried; that after the dissolution he continued to do that; that drafts were sent on from different places on the "Cement News" for materials that were bought,

and that E. J. Royer acknowledged and honored those drafts; that at no time Aaron Reyer or Senator Laubach had an account there in the bank or paid any of these drafts that were sent on in the name of the "Cement News," indicating in that capacity that there was no sign of any kind to the public that there had been such a change of ownership as we believe the law requires.

Objected to.

The Court: I think we will permit this testimony.    Bill sealed for plaintiff. [1]

Charles D. Andrews, recalled by defendant.

Mr. Gernerd: "Q. Did you have any dealings with the 'Cement News'?   A. Yes, sir, E. J. Royer."

Mr. Gernerd: I wish to prove by this witness that he had dealings with this firm, and that bills were sent to him in the name of E. J. Royer, and even his subscription was sent to him.

Same objection.

Mr. Stewart: We offer to prove further by this witness that during the years 1905 and 1906 that the "Cement News" published the bank statement of the Cement National Bank, and that Edward J. Royer took the affidavit required by the government that he was the owner and publisher of the "Cement News," and that the bank statement was published in his paper.

Objected to for the same reason and upon the same principle that the objections heretofore were made; that Edward J. Royer by his act or declaration cannot affect our rule.

The Court: Any declarations that Royer has made as bearing on the title of this property we exclude, but the manner in which this business was conducted we permit, and we will permit you to ask this witness whether the bank statement was published in this paper and who negotiated for it if you desire, and questions of that nature, as bearing on the question who was actually in possession of this property, because that is what will have to go to this jury.   The part that Royer swore that he owned this, that part, if he said that, we exclude. Bill sealed for plaintiff. [2]

Defendant presented these points:

1. That if from the evidence the jury find said alleged sale to Reyer and Laubach to have been honest and for value, yet there was not such an open, notorious and visible change of possession of and from Royer to the plaintiff as would be apparent to the public, the same is a fraud in law and not binding on Louis C. Rice, the defendant, one of the creditors of Royer at the time of the alleged sale to Reyer and Laubach, and the verdict must be for the defendant. *Answer:* That proposition is affirmed. [3]

2. That if the goods in suit were never removed from the possession and control of Royer by the plaintiff, the mere fact that Royer moved same from the building where the goods were in May, 1905, to another building, this change does not make such open, notorious and visible change of possession as the law contemplated when he sold to Reyer and Laubach, and the change of possession which the law requires must be an actual or constructive delivery from Royer to Reyer and Laubach. *Answer:* That proposition is affirmed. [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3, 4) above instructions, quoting them.

*Edward J. Fox,* with him *James W. Fox* and *Thomas D. Danner,* for appellant.—The declarations of the vendor, made after the sale, are not competent evidence to affect the title of the vendee: Babb v. Clemson, 12 S. & R. 328; Pier v. Duff, 63 Pa. 59; Sackett v. Spencer, 65 Pa. 89.

The character of the business, position of the parties, the possibility of prompt removal and many other circumstances are to be taken into consideration upon the question of the bona fides of the transaction: Stephens v. Gifford, 137 Pa. 219; Kendig v. Binkley, 10 Pa. Superior Ct. 463; Bell v. McCloskey, 155 Pa. 319; Garretson v. Hackenberg, 144 Pa. 107; McCullough v. Willey, 200 Pa. 168.

*Fred B. Gernerd,* for appellee.—The retention of possession of personal chattels is fraud in law where the subject of the

transfer is capable of delivery, and no honest, fair reason can be assigned for the vendor not giving and the vendee not taking possession: Weller v. Meeder, 2 Pa. Superior Ct. 488; Kendig v. Binkley, 10 Pa. Superior Ct. 463; Stephens v. Gifford, 137 Pa. 219; Riggs v. Bair, 213 Pa. 402; Barlow v. Fox, 203 Pa. 114; Renninger v. Spatz, 128 Pa. 524; Goddard, Hill & Co. v. Weil & Co., 165 Pa. 419; Haynes v. Hunsicker, 26 Pa. 58; Cessna v. Nimick, 113 Pa. 70; Ayers v. McCandless, 147 Pa. 49; White v. Gunn, 205 Pa. 229; McCullough v. Willey, 200 Pa. 168.

OPINION BY ORLADY, J., April 20, 1908:

On the application of the sheriff for an interpleader, a feigned issue was framed in the court below, in order to determine the title to certain personal property, which on May 26, 1905, was owned by Lewis C. Rice and Edward J. Royer, and used by them in a job printing establishment and also in the printing of a newspaper. On that date the partnership between them was dissolved by Rice selling the newspaper business part of the enterprise to E. J. Royer who, in turn, sold the same property to Reyer and Laubach, the plaintiffs herein, and executed a bill of sale to them for the presses, racks, boiler, engine and other articles that were incident to and part of the newspaper establishment; Royer, and afterwards Reyer and Laubach, paying therefor a fair consideration for the property. It is conceded that as between Royer and the purchasers, Reyer and Laubach, the transaction was an entirely honest one, the only question being as to the integrity of the sale affecting the rights of Royer's creditors.

An execution was issued at the instance of Rice, the defendant herein, on a judgment he held against Royer, and a levy made thereunder on these goods: the plaintiff in the execution (Rice) contending that there was not a sufficient delivery of possession of the property to consummate the sale in law.

Immediately after Rice's interest in the partnership property had been sold, he took down from the building the sign indicating that he and Royer were the publishers and owners of the newspaper, but no other sign was substituted in its stead. In addition to this, the editorial column of the newspaper,

prior to the dissolution of the partnership, contained the announcement that Rice and Royer were the proprietors, and Edward J. Royer, the editor, and following the dissolution,. an announcement in the same column stated that Edward J. Royer was the editor but there was no statement or suggestion as to who was the owner or proprietor.

Subsequently, they moved the property some distance from its former quarters, but failed to give any notice of its ownership, either by advertising in the newspaper, or placing signs on the building or room in which it was located, or on the machinery.

When the levy was made Reyer and Laubach claimed to be the owners, and the question submitted to the jury on the trial of the feigned issue was purely one of fact. "Did these plaintiffs, Reyer and Laubach, take such possession of this property as would indicate to the public that they were the owners thereof? If they did, then your verdict should be in their favor for the goods described; if you find that they did not take such possession as the law requires and as I have defined to you, your verdict should be for the defendant."

It is well settled that a change in the location of the property is not necessary, but due regard must be had to the care of the property, its intended use, the nature of the transaction, position of the parties, etc., and there are many instances in which, from the necessity of the case, there can only be a constructive delivery. When a purchase is made in good faith and for a valuable consideration, followed by acts intended to transfer the possession as well as the title, and the vendee assumes such control of the property as reasonably to indicate a change of ownership, the delivery of possession as matter of law, cannot be declared to be insufficient. No such change of possession as will defeat the fair and honest purpose of the parties is required: Garretson v. Hackenberg, 144 Pa. 107. Whether the sale was in good faith or colorable, whether under the circumstances the change of possession was all that could reasonably have been expected by the vendees, taking into consideration the character and situation of the property, were questions of fact to be determined by the jury.

The Supreme Court held in White v. Gunn, 205 Pa. 229 (in referring to the leading case of Clow v. Woods, 5 S. & R. 275, which requires the purchaser of personal property to take and retain possession of it), "It is as true now as it was when the rule was announced in that case, nearly a century ago, that, if a purchaser pays the price for goods purchased by him, without taking possession of them, he takes the risk of the integrity and solvency of his vendor when the rights of a subsequent bona fide purchaser or an execution creditor arise."

Assuming that the purchase was made in good faith for a valuable consideration, certain acts which the law regards as of equal importance with the payment of consideration money, yet remained undone. The court below, submitted the whole question to the jury under a fair and adequate charge.

It is quite true that the declarations of a vendor, made after the sale, are not competent evidence to affect the title of the vendee. Royer's acceptance of the draft on the "Cement News" and the affidavit made by him, as editor, that a certain bank statement had been published in the newspaper, were substantive facts to be taken not as mere declarations, but in connection with the general management of the business by the persons who had actual control of the property.

The editor of the newspaper could not make the affidavit if he were not in fact identified with it, and no other than an owner of the "Cement News" would accept the draft in evidence. These facts were for the consideration of the jury in order to determine the bona fides of the transfer of possession.

The judgment is affirmed.