# Davies, Appellant, *v.* Oxenreider.

*Contract—Sale—Intention—Delivery—Province of court and jury.*

1. When a purchase of personal property is made in good faith a fair and honest purpose of the vendor and the vendee will not be defeated, if the conduct of the parties shows that there was an intention to transfer the possession as well as the title, and the vendee assumes such control of the property as ought reasonably to indicate a change of ownership.

2. Whether the sale was made in good faith or was colorable and whether the change of possession was all that could reasonably be expected of the vendor, and was in fact made by the parties to the transaction, taking into consideration the character and situation of the property, are questions of fact to be determined by the jury.

3. While the delivery of a bill of sale is not a delivery of the property and such transaction is not a sale, if it is not so intended by the parties, strangers have a right to inquire into the transaction and to have it fully explained.

4. A tenant owed his landlord for money advanced to purchase farm implements; subsequently he executed a bill of sale for the implements, vesting in the landlord their absolute ownership. Before all of the advances were repaid he rented a farm in another township, and the new landlord paid the first landlord the balance due on the bill of sale, and took an assignment of it. The implements were then removed to the other farm. Prior to the original execution of the bill of sale the tenant had given judgment notes to relatives. The second landlord did not know of the existence of these notes, and judgments were not entered upon them until after the assignment of the bill of sale, and the open removal of the implements from the one farm to the other. *Held*, that the question of the sufficiency of the delivery and the good faith of the transaction was for the jury.

Argued Nov. 10, 1909.  Appeal, No. 241, Oct. T., 1909, by defendants, from judgment of C. P. Berks Co., March T., 1907, No. 82, on verdict for defendants in case of Edward Davies v. Sarah K. Oxenreider.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Reversed.

Feigned issue to determine the ownership to farming implements.  Before ERMENTROUT, P. J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

[I consider the question whether possession has been taken purely a legal question in this case, and hold, first, that when there is a sale of personal property, it is not good against the creditors of the vendor, unless possession be delivered by the vendor in accordance with the sale that was made, and that so far as the goods mentioned in the bill of sale are concerned, those goods having been found in the possession of the defendants in the execution, were subject to levy, and that so far as those goods are concerned it will be your duty to assess their value and find a verdict in favor of the defendants; no sufficient possession, in law, having been taken under the bill of sale, those goods were subject to the levy of the execution creditors, the defendants.] [5]

[I have already said, that, in the judgment of the court, so far as the goods mentioned in the bill of sale are concerned, the title to those goods passed by virtue of the sheriff's sale to these defendants; that Mr. Davies having taken those, he would be liable for their value, and as to those goods you must find in favor of the defendants.] [6]

[Under the instructions of the court you will find in favor of the defendants as to the articles contained in the bill of sale.] [7]

Verdict and judgment for defendants for $326.97. Plaintiff appealed.

*Errors assigned* amongst others were (5, 6, 7) above instructions, quoting them.

*Cyrus G. Derr*, with him *Edward S. Kremp*, for appellant, cited: Pressel v. Bice, 142 Pa. 263; McCullough v. Willey, 200 Pa. 168; Crawford v. Davis, 99 Pa. 576; Goodard v. Weil & Co., 165 Pa. 419; Bell v. McCloskey, 155 Pa. 319.

*Silas R. Rothermel,* for appellees, cited: Stephens v. Gifford, 137 Pa. 219; Lehr v. Brodbeck, 192 Pa. 535; Clow v. Woods, 5 S. & R. 275; Crawford v. Davis, 99 Pa. 576; Bell v. McCloskey, 155 Pa. 319; Kendig v. Binkley, 10 Pa. Superior Ct. 463; McCullough v. Willey, 200 Pa. 168.

OPINION BY ORLADY, J., July 20, 1910:

On June 20, 1902, William M. Oxenreider, executed and delivered a judgment note to Sara B. Ernst for $359.89, and on July 7, a like. note to Sara K. Oxenreider, for $500. At the time of making these notes William M. Oxenreider was a tenant farmer, and the owner of considerable stock and implements which were used by him on the Leonhart farm. During that year, by reason of a fire, he lost considerable of his stock and farming implements. In March, 1903, he moved to the farm of David W. Mogel, who occupied one-half of the mansion house, and Oxenreider occupied the other part of the house and another building. Under the lease with Mogel he was a cropper for the half share. Finding his stock insufficient to operate the farm properly, he purchased additional property with money advanced by Mogel, and on April 14, 1903, he executed a bill of sale vesting the absolute ownership of the farming stock and implements in Mogel, and attached to it a schedule of items and values which aggregated $661, which represented the amount of money advanced by Mogel. During his tenancy of three years, the stock was used on the Mogel farm by Oxenreider, who repaid to Mogel all the money advanced by him except $298.

In January, 1906, William Oxenreider and Edward Davies entered into an agreement in writing, whereby Oxenreider was to lease the farm of Davies for one year, commencing April 1, 1906, upon the same terms, which were set forth in an agreement between Davies and one Reber, dated March 19, 1900.

Mogel refused to allow the property to be taken from

his farm, without the payment of the balance due to him under the bill of sale, whereupon Davies, on January 6, 1906, paid that amount to Mogel, and with the knowledge and consent of Oxenreider took from him an assignment or transfer of all his right, title and interest in the bill of sale, when Oxenreider moved all the stock to the Davies farm, which he occupied as a tenant until January, 1907, when all the property was levied upon on executions issued by Sara K. Oxenreider, his mother, and Sara B. Ernst, his mother-in-law, on judgments entered on the notes as above stated, and which were entered of record on January 25, 1907. Davies then claimed the stock and two feigned issues were framed under the Act of May 26, 1897, P. L. 95, in each of which Edward Davies was named as the plaintiff, and in one Sara K. Oxenreider, and in the other Sara B. Ernst, was named as the defendant. The cases were tried together. There was some controversy in regard to the title to a mare and a colt, which is eliminated from this case by the jury, under direction of the court, finding as to them for the plaintiff, and "As to the farm stock and implements, we (the jury) find in favor of the defendants, for the sum of $557.75; Mrs. Oxenreider's share, $326.97; Mrs. Ernst's share $230.78." Separate appeals were taken to this court.

The learned trial judge held that the bill of sale as between Oxenreider and Mogel, by its terms, vested the absolute title of the property in Mogel, but further held, as stated in the fifth assignment, "I consider the question whether possession has been taken, purely a legal question in this case and hold, first, that when there is a sale of personal property, it is not good against a creditor of the vendor, unless possession be delivered by the vendor, in accordance with the sale that was made, and that so far as the goods mentioned in the bill of sale are concerned, these goods, having been found in the possession of the defendant in the execution, were subject to levy, and that so far as those goods are concerned it will be your duty to assess their value and find a verdict in favor of the de-

fendants.   No sufficient possession in the law having been taken under the bill of sale, these goods were subject to levy of execution creditors."

And, further as stated in the sixth assignment, "I have already said, that, in the judgment of the court, so far as the goods mentioned in the bill of sale are concerned, the title to those goods passed by virtue of the sheriff's sale to these defendants.   That Mr. Davies, having taken those, he would be liable for their value, and as to those goods you must find in favor of the defendants."   And, in the seventh assignment, "Under instructions of the court, you will find in favor of the defendants, as to the articles contained in the bill of sale."

It is to be borne in mind that as between William Oxenreider and Mogel, and subsequently as between Oxenreider and Davies there was no controversy as to the title to this property, and when on January 6, 1906, Davies with the knowledge and consent of Oxenreider secured the transfer of the bill of sale (which the learned trial judge held vested absolute title to the property in Mogel), and removed the property specified in it to the Davies farm some miles distant, in another township, that Davies was the sole owner and the only person in possession of that farm.   The lease under which Oxenreider entered did not become operative until April 1, following, so that for nearly three months all the personal property was in the possession of Davies on his own land.   It is true that Oxenreider was hired at the rate of $10.00 per month to feed and care for this stock along with the other stock owned by Davies on the latter farm, whose hay, straw and grain was used by the stock and the implements were placed in Davies' barn.

The rule of law as to possession has been many times declared, and as stated in Pressel v. Bice, 142 Pa. 263, "The modern doctrine upon this subject appears to be that, in determining the kind of possession necessary to be given, regard must be had, not only to the character of the property, but also to the nature of the transaction,

the position of the parties, and the intended use of the property. No such change of possession as will defeat the fair and honest object of the parties is required." Which was repeated in McCullough v. Willey, 200 Pa. 168.

The character of the property, the use to be made of it, the nature and object of the transaction, the position of the parties, and the usages of the trade or business are all to be considered in deciding the sufficiency of the possession taken by the purchaser: Reyer v. Rice, 36 Pa. Superior Ct. 178. When a purchase is made in good faith and for a valuable consideration, followed by acts intended to transfer the possession as well as the title, and the vendee assumes such control of the property as reasonably to indicate a change of ownership, the delivery of possession, as a matter of law, cannot be declared to be insufficient. No such change of possession as will defeat the fair and honest purpose of the parties is required: Garretson v. Hackenberg, 144 Pa. 107.

Whether the sale was made in good faith or was colorable, and whether the change of possession was all that could reasonably be expected of the vendor, and was in fact made by the parties to the transaction taking into consideration the character and situation of the property, were questions of fact to be determined by the jury. There has been no deviation from the general rule that delivery of possession is indispensable to transfer a title to chattels by the act of the owner that shall be valid against creditors: Barlow v. Fox, 203 Pa. 114.

It is nevertheless true that in the later cases the rigor of the rule laid down in the earlier cases, as to what will be a sufficient delivery, and as to what evidence will be sufficient to carry that question to the jury, has been relaxed. In one of the latest cases on the subject, the rule was thus stated by Mr. Justice Brown, "When a purchase is made in good faith, the fair and honest purpose of the vendor and vendee will not be defeated, if the conduct of the parties shows that there was an intention to trans-

fer the possession as well as the title, and the vendee assumes such control of the property as ought reasonably to indicate a change of ownership: White v. Gunn, 205 Pa. 229:" Kimelewski v. Com., 39 Pa. Superior Ct. 308.

In the trial of a feigned issue it is for the court first to determine whether the undisputed facts disclose such a case of possession retained by the vendor after the alleged sale as to condemn the transaction as a legal fraud as to the execution creditors of the vendor. There must be such an actual bona fide transfer of such possession as the property is capable of receiving, and it must be made in permanent good faith. There must not only be a delivery of the chattel at the time of the transfer, but a continuing possession in the vendee, which must be shown by the claimant: Kendig v. Binkley, 10 Pa. Superior Ct. 463.

When the facts not merely tend, but unmistakably lead to but one conclusion, they are to be disposed of by the court as a matter of law.

This record discloses a case of such disputed facts and equivocal inferences that it became not a question of law for the court but for the jury to dispose of under proper instructions from the court, as to the law applicable thereto. As between William Oxenreider and Davies at the time the property was removed from the Mogel farm, there was no challenge to either the title or to right of possession of Mogel. This was recognized by both Oxenreider and Davies by the payment of the Mogel claim, and the assignment of the bill of sale to Davies. The judgments on which these executions were issued were not entered of record until a year after that transaction, and they had been held by these plaintiffs for four and a half years without putting them on record so as to give notice of their claim. There is nothing to indicate that Davies knew that Oxenreider was in debt to anyone, nor was there any reason suggested for his keeping the transaction a secret one. All the property was openly transferred to another township to the farm of Davies and were

there retained by him for nearly three months before Oxenreider became his tenant.   The integrity of the notes was not disputed but their existence was not known to Davies, hence his dealing with Oxenreider was not influenced by them.

While the delivery of a bill of sale is not a delivery of the property and such a transaction is not a sale, if it is not so intended by the parties, and strangers have a right to inquire into the transaction, and to have it fully explained: Reynolds v. Richards, 14 Pa. 205, and as said in Bell v. McCloskey, 155 Pa. 319, a more formal delivery might have been made and public notice given of the sale, yet this record does not disclose any reason for such publicity, so that the whole transaction became one of fact for the jury, under proper instructions.

The fifth, sixth and seventh assignments of error are sustained.   The judgment is reversed and a venire facias de novo awarded.